ALICE T. COLLIER *et al. v.* R. H. BAKER, COMMISSIONER OF HIGHWAYS AND PUBLIC WORKS.

(*Nashville,* December Term, 1929.)

Opinion filed May 24, 1930.

J. G. Reasonover and Collier & Collier, for complainant, appellant.

L. D. Smith, Attorney-General, and T. P. Henderson, Assistant Attorney-General, for defendant, appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

Complainants have appealed from a decree of the Chancery Court of Shelby County, dismissing their original bill upon demurrer.

The bill avers that complainants are the owners of property fronting upon a boulevard in the City of Memphis, known as East Parkway; that the defendant, as Commissioner of Highways and Public Works of the State of Tennessee, acting under the authority of chapter 42 of the Public Acts of 1929, has designated a portion of East Parkway, from Poplar Street to Union Avenue, as the route within the City of Memphis to be followed by traffic entering the city from three State Highways which converge at or near the eastern limits of the city; that the portion of East Parkway so designated for highway traffic is that on which the property of complainants fronts; that this portion of East Parkway was acquired by the City of Memphis by deed of gift from complainants, for use as a boulevard or parkway connecting the two principal parts of the city and as a part of the park system; that the deed of gift contains the restriction that in the event the property conveyed should be used for any purpose other than that of a parkway and boulevard, the title thereto should immediately revert to the grantors or their heirs or as-

signs; that in accordance with the restrictions of said deed, the City of Memphis, in 1903, adopted ordinances limiting the use of the parkway in accordance with the purposes of the gift, and expressly excluding therefrom heavy vehicles carrying material, which ordinances are still in force.

The bill avers that the increased and changed traffic on the parkway, resulting from its designation as a conduit for the traffic from the State Highways into the City of Memphis, is destructive of the value of the abutting property as an exclusive and valuable residential district.

The prayer of the bill is for an injunction restraining the defendant from placing markers directing the highway traffic through said parkway, and requiring him to remove markers already placed by him.

Chapter 42 of the Public Acts of 1929 defines the respective rights and obligations of municipalities and the State Highway Department with respect to streets or roads within municipalities over which the traffic from State Highways is routed. The act deals with the division of cost of construction and maintenance of such streets and roads; and by section 5 it is provided:

"The Department of Highways and Public Works shall have sole jurisdiction over the selection of the streets through which traffic shall be routed."

The demurrer interposed to the bill by the defendant contains two grounds: (1) That East Parkway is a street or road over which the Act of 1929 authorizes the commissioner to route traffic from State Highways into and through the City of Memphis; and (2) that "complainants' right to relief, if any, is limited by the language of

their deed, and is against the City of Memphis and not against this defendant."

With reference to the first ground of demurrer and application of the statute of 1929, the brief filed for the defendant by the Attorney-General of the State contains the following:

"This Act does not give the State Highway Department any control or police power over the 'streets or roads' of the City over and through which traffic is routed from State Highways; it does not make such 'streets or roads' a part of the State Highway system; the only right given the State highway Department is the right to select the 'streets or roads' in the City over which traffic from the Highways shall be routed, and the only duty placed upon the Highway Department is that of assisting in the maintenance and construction of such 'streets or roads.'

"The 'streets or roads' over which traffic from the State Highways is routed still retain their identity as City streets or roads; the City has the same power over such streets and roads as it has over the other streets and roads of the City, and traffic coming thereon from State Highways must conform to the City Ordinances just as traffic on other streets of the City must conform. The City has the same police powers over 'East Parkway' that it had before traffic from State Highways was routed over 'East Parkway,' and any one violating the City Ordinances regulating the use of East Parkway is subject to the penalty prescribed by the City Ordinance."

We think the Attorney-General has correctly construed and interpreted section 5 of the statute (Acts 1929, chapter 42); and from such construction it seems to us to follow necessarily that the Commissioner of Highways

is authorized to route the traffic from State Highways through a municipality only over and through such streets and roads which are provided by the municipality for traffic of the character brought to the city limits by the highways. Otherwise it seems obvious that the police power of a municipal government over its roads and streets could be set aside at the will of the commissioner. We do not think the legislature intended to authorize the commissioner to place markers inviting unrestricted traffic from a highway to pass over a street of the city, when to accept the invitation would render the drivers of a portion of the traffic subject to arrest for a violation of municipal traffic regulations.

Upon the showing made by the bill, we are of the opinion that the learned chancellor should have overruled the first ground of demurrer.

The second ground of demurrer seems to be directed more particularly at the rights asserted by the complainants because of the condition and reservation in their deed of gift to the City of Memphis. The city is not a party to this proceeding and it is unnecessary that we determine the respective rights of complainants and of the city growing out of this deed. The bill does not aver a violation of the terms of the deed by the city itself, but asserts compliance by the city by the enactment of ordinances excluding heavy traffic and commercial traffic from the parkway. We think complainants are entitled to maintain their suit because of the existence of these ordinances of the city; and what right complainants could assert against the city, if these ordinances should be repealed, can be determined in a proper suit between complainants and the city, if such event should occur.

The ordinances of the City of Memphis regulating traffic on East Parkway are not copied into the bill or into the transcript. They are referred to but are not quoted.

The decree of this court will direct that the demurrer of the defendant be overruled, and that the cause be remanded for further proceedings. If on the remand it shall be made to appear to the chancellor that the ordinances of the city exclude from the parkway any material portion of the traffic brought to the city limits by the State Highways, the injunction should be issued as prayed.

The costs of the appeal will be paid by the defendant.