IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

FILED

February 13, 1998

Cecil W. Crowson
Appellate Court Clerk

JOHN WATSON LITTLE and LESLIE     )
EARL LITTLE, Executors for the Estate )
of LESLIE H. LITTLE, Deceased,        )
                                      )
    Plaintiffs/Appellants,            )
                                      )
                                      )
VS.                                   )
                                      )
                                      )
MICHAEL HOGAN, JEFF PAYNE and   )
MIKE WILHELM TRUCKING,            )
                                      )
    Defendants/Appellees.             )

Appeal No.
01-A-01-9707-CV-00291

Bedford Circuit
No. 7212

## CONCURRING OPINION

I concur in the disposition we have made of this case. My only concern is that our opinion may be interpreted as an endorsement of the idea that a truck driver who does not follow a designated "truck route" is guilty of negligence per se. "In order to establish negligence per se, it must be shown that the statute violated was designed to impose a duty or prohibit an act for the benefit of a person or the public . . . . It must also be established that the injured party was within the class of persons that the statute was meant to protect." *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934 at 937 (Tenn. 1994).

I have searched the Tennessee Code for a statute that says truck drivers must follow designated truck routes through or around cities and towns. With the statute I might get from its legislative history some indication of the reasons for its passage and the class of persons it was meant to benefit. I have found no such statute and the appellant does not refer to one in its brief. So far as this record shows the designation of certain streets as truck routes is for the sole benefit of the truckers and not for the general public.

The appellant does refer to one statute that gives the department of transportation sole jurisdiction to select streets through which traffic shall be routed. See Tenn. Code Ann. § 54-5-205. But that section has been construed as a limited grant of power to the commissioner to "route the traffic from state highways through a municipality only over and through such streets and roads which are provided by the municipality for traffic of the character brought to the city limits by the highways." *Collier v. Baker*, 27 S.W.2d 1085 at 1086 (Tenn. 1930).

I would hold that there is nothing in this record to indicate that the failure to follow truck routes is negligence per se.

I am authorized to state that Judge Koch joins in this concurring opinion.

_____
BEN H. CANTRELL, JUDGE

2