Christy C. COOK, an incompetent, By and Through her next friend, Janice UITHOVEN, and Janice Uithoven, Individually, Plaintiffs–Appellees,

v.

SPINNAKER'S OF RIVERGATE, INC., and Tri–M Management, Inc., Defendants–Appellants.

No. 01S01–9212–CV–00147.

Supreme Court of Tennessee, at Nashville.

March 7, 1994.

Rehearing Denied June 13, 1994.

William C. Moody, Nashville, for plaintiffs-appellees.

Thomas Pinckney, Nashville, for defendants-appellants.

## OPINION

REID, Chief Justice.

This case presents for review the decision of the Court of Appeals sustaining the defendants' Rule 12.06(6) Tennessee Rules of Civil Procedure motion to dismiss the complaint for personal injuries, for failure to state a cause of action. This Court finds that the complaint states a cause of action.

Christy C. Cook, a minor 17 years of age, and her mother, Janice Uithoven, sued Spinnaker's of Rivergate, Inc., et al. for injuries sustained by Cook when the automobile operated by her was involved in a single car accident near midnight on January 19, 1991. Shortly before the accident in which Cook was injured, she had been drinking alcoholic beverages served to her by the defendants at their restaurant and bar.

The complaint alleges that the defendants served alcoholic beverages to Cook in violation of T.C.A. § 57–4–203(b)(1), which makes it a misdemeanor to sell or furnish alcoholic beverages to persons under the age of 21, and T.C.A. § 57–4–203(c)(1), which makes it a misdemeanor to sell or furnish alcoholic beverages to anyone who is "visibly intoxicated." The complaint also alleges in pertinent part:

8. The defendants ... knew or through the exercise of ordinary care should have known that plaintiff was a minor not entitled to purchase alcoholic beverages and inexperienced with the use and effect of alcoholic beverages.

9. By serving alcoholic beverages to a minor ... in violation of the above referenced statutes, the defendants are negligent per se.

10. By failing to determine the age of a patron before serving alcoholic beverages and by continuing to serve alcoholic beverages to a minor, after said minor became intoxicated, the defendants are guilty of negligence and gross negligence.

\*    \*    \*    \*    \*    \*

12. On and prior to January 18, 1991 defendants ... habitually and/or knowingly served alcohol to minors, negligently and/or willfully created an environment attracting young persons such as this minor plaintiff.

\*    \*    \*    \*    \*    \*

19. The direct and proximate cause of plaintiff's injuries was the negligence and gross negligence of the defendants ... in serving alcohol to the minor plaintiff and in continuing to serve alcohol to the minor plaintiff until and so that she lacked the judgment to determine whether or not she was competent to operate an automobile.

Thus, the plaintiffs allege that the proximate cause of Cook's injuries was the negligence, negligence per se and gross negligence of the defendants in serving her alcoholic beverages.

In response to the complaint, the defendants filed a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief could be granted. The defendants contend in their motion to dismiss that Cook's acknowledged operation of the automobile on a public highway while intoxicated in violation of various statutes constitutes negligence per se which bars recovery. The trial court granted the defendants' motion to dismiss and the plaintiffs appealed.

The Court of Appeals reversed and remanded because it was unclear from the complaint whether Cook was operating the vehicle at the time of the accident or whether she was a passenger. Upon remand, the trial court again granted the defendants' motion to dismiss. When the case came before the Court of Appeals for the second time, that court ruled that Cook's conduct was to be measured by an adult standard of care because she was operating a motor vehicle on a public highway. The court also found that "Cook was guilty of negligence and negligence per se" for violating T.C.A. § 57–4–203(b)(2)(A), which makes it a misdemeanor for any person under the age of 21 to purchase or possess an alcoholic beverage. However, the Court of Appeals concluded that a remand was appropriate because of this Court's decision in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992). This Court

then granted the defendants' Rule 11 application and in an expedited opinion on one of the issues presented, held that *McIntyre* was not applicable because the issue of comparative fault had not been raised at an appropriate stage in the litigation. *Cook v. Spinnaker's of Rivergate,* 846 S.W.2d 810 (Tenn.1993). Consequently, the remaining issues presented on this appeal will be controlled by the law as it was prior to *McIntyre,* even though, upon remand, the case will be tried pursuant to the principles of comparative fault.

The plaintiffs claim on this appeal that the serving of the alcohol was the cause of the accident, as opposed to the manner in which Cook was driving her car. According to the plaintiffs, it was not Cook's driving, but her consumption of alcohol, that was the proximate cause of her injury. The plaintiffs assert that to bar their claim as a matter of law would undermine the policy of this state to protect inexperienced and imprudent minors from the folly of their own actions and, instead, immunize the liquor industry from civil liability even when there has been a violation of the statute prohibiting the sale of alcohol to minors.

The defendants respond by arguing that all drivers of motor vehicles, regardless of age, should be held to an adult standard of care, and that, measured by this standard, because Cook voluntarily consumed alcoholic beverages in violation of T.C.A. § 57–4–203(b)(2)(A), and then drove her automobile on a public highway while intoxicated, she is guilty of gross negligence as a matter of law.

■ The standard of conduct expected of a reasonable person may be prescribed in a statute and, consequently, a violation of the statute may be deemed to be negligence per se. *See McIntyre v. Balentine,* 833 S.W.2d 52, 59 (Tenn.1992). "When a statute provides that under certain circumstances particular acts shall or shall not be done, it may be interpreted as fixing a standard of care ... from which it is negligence to deviate." *Prosser and Keeton on Torts* § 36, p. 220 (5th ed. 1984). In order to establish negligence per se, it must be shown that the statute violated was designed to impose a duty or prohibit an act for the benefit of a person or the public. *Smith v. Owen,* 841

S.W.2d 828, 831 (Tenn.Ct.App.1992) (citing *Nevill v. City of Tullahoma,* 756 S.W.2d 226 (Tenn.1988)). It must also be established that the injured party was within the class of persons that the statute was meant to protect. *Smith,* 841 S.W.2d at 831.

■ However, the law takes into account that minors generally do not have the same degree of experience, maturity and education as an adult and, therefore, lack the same capacity as an adult to understand or appreciate the consequences of their conduct. *See Cardwell v. Bechtol,* 724 S.W.2d 739 (Tenn. 1987). Therefore, in assessing a minor's negligence, the minor is generally not held to the same standard of care imposed on adults. *Cardwell,* 724 S.W.2d at 748; *Arnold v. Hayslett,* 655 S.W.2d 941, 947 (Tenn.1983). Instead, the minor is charged with such care as a reasonably prudent person of like age, capacity, knowledge and experience would be expected to exercise under the same circumstances. *See Cardwell, supra.* The plaintiffs insist that they are entitled to have Cook's conduct in this case judged by that standard.

■ Although the law is clear that a minor's conduct is generally not to be judged by an adult standard of care, the law is equally clear that where the minor is engaged in a dangerous activity normally undertaken only by adults, such as driving a car, no special allowance is made for the minor's limited experience or age and, therefore, the minor is held to an adult standard of care. *Powell v. Hartford Accident & Indemnity Co.,* 217 Tenn. 503, 398 S.W.2d 727, 730 (1966) ("[w]e believe the better reasoned cases place the same duty of care upon all operators of motor driven vehicles regardless of age, that is, ordinary care"); *Black v. Quinn,* 646 S.W.2d 437 (Tenn.Ct.App.1982) (11–year–old driver held to an adult standard of care); *Mize v. Skeen,* 63 Tenn.App. 37, 468 S.W.2d 733 (Tenn.Ct.App.1971) (14–year–old driver held to an adult standard of care and thus not entitled to a jury charge on the presumption that he is incapable of negligence). In this regard, the plaintiffs' reliance on *Brookins v. The Round Table, Inc.,* 624 S.W.2d 547 (Tenn.1981) is misplaced. The intoxicated minor in *Brookins* was a

passenger, not the driver as was the minor in the present case.

The rule that all drivers of motor vehicles on public highways are held to an adult standard of care applies to driving while intoxicated. Driving while intoxicated on a public highway is gross negligence, or recklessness, given the significant risk of serious bodily injury or death, not only to the intoxicated driver, but to unsuspecting motorists and pedestrians. *Rice Bros. Auto Co. v. Ely*, 27 Tenn.App. 81, 178 S.W.2d 88 (1943) ("[d]riving while drunk is ... fraught with danger and evinces such entire want of care and indifference to results as to constitute wanton negligence"); *Jordan v. The Krystal Co.*, 1986 WL 11218 (Tenn.Ct.App., October 7, 1986) (driving while intoxicated is gross, wanton and willful negligence as a matter of law). "Gross negligence indicates a conscious neglect of duty or a callous indifference to the consequences." *Thomason v. Wayne County*, 611 S.W.2d 585, 587 (Tenn. Ct.App.1990). An act which otherwise would be simple negligence, may amount to gross negligence if it involves a dangerous or lethal instrumentality. *Phelps v. Magnavox Co.*, 497 S.W.2d 898, 906 (Tenn.Ct.App.1972). In the operation of the automobile, Cook is held to the same standard as an adult.

A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of a plaintiff's proof as does, for example, a motion for a directed verdict. *Merriman v. Smith*, 599 S.W.2d 548, 560 (Tenn.Ct.App.1979). The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone. *Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn.Ct.App.1990). The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. *Cornpropst v. Sloan*, 528 S.W.2d 188, 190 (Tenn.1975); *Shelby County v. King*, 620 S.W.2d 493, 494 (Tenn.1981); *Shipley v. Knoxville Journal Corp.*, 670 S.W.2d 222, 223 (Tenn.Ct.App.1984). The motion admits the truth of all relevant and material averments contained in the com-

plaint but asserts that such facts do not constitute a cause of action. *League Cent. Credit Union v. Mottern*, 660 S.W.2d 787, 789 (Tenn.Ct.App.1983). In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact therein as true. *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848–49 (Tenn.1978); *Holloway v. Putnam County*, 534 S.W.2d 292, 296 (Tenn. 1976). The motion should be denied unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Fuerst*, 566 S.W.2d at 848.

Taking the allegations of the complaint as true, both parties committed acts, which, under the law, constitute negligence per se. The defendants were negligent per se in supplying alcoholic beverages to a minor in violation of T.C.A. § 57–4–203(b)(1) and to a visibly intoxicated person in violation of T.C.A. § 57–4–203(c)(1). Cook also was negligent per se in purchasing and consuming alcoholic beverages in violation of T.C.A. § 57–4–203(b)(2)(A) and in driving her automobile in an intoxicated condition in contravention of T.C.A. § 55–10–401 *et seq.*

Ordinarily, the contributory negligence per se on the part of a plaintiff would bar recovery against a negligent defendant. *Prosser* at 232 ("The accepted rule now is that a breach of statute by the plaintiff is to stand on the same footing as a violation by the defendant."). However, if the defendant is grossly negligent, then the ordinary contributory negligence of the plaintiff is no bar to recovery. *Ellithrope v. Ford Motor Company*, 503 S.W.2d 516, 521–22 (Tenn.1973) ("Tennessee courts have never allowed contributory negligence as a defense to conduct amounting to gross negligence...."). On the other hand, if a plaintiff is guilty of willful, wanton or reckless misconduct, that conduct is a defense to the defendant's similar misconduct. *Kirksey v. Overton Pub., Inc.*, 739 S.W.2d 230, 236 (Tenn.Ct.App.1987); *see also Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn.1992) ("A person acts recklessly when the person is aware of, but con-

sciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.").

█ However, the conclusion that driving while intoxicated is negligence per se does not mean, as contended by the defendants, that Cook was guilty of *contributory* negligence as a matter of law. In order to prevail, the defendants must show that Cook's negligence proximately caused or contributed to the injury.

The usual principles of proximate cause also apply to the contributory negligence defense. Thus it is generally held that contributory negligence bars recovery only when the injury results from a hazard, or risk, which made the plaintiff's conduct negligent.

*Prosser and Keeton on Torts* § 65, p. 457 (5th ed. 1984). On this issue, this case is similar to *Brookins v. The Round Table, Inc.,* *supra,* in which a minor brought an action against the seller of intoxicating liquors for damages for personal injuries sustained by the minor after purchasing and consuming intoxicating liquor, as a passenger in an automobile accident.

The Court of Appeals recognized that a cause of action exists against a vendor who sells alcoholic beverages to a minor, where harm results therefrom. However, on motion for summary judgment the Court of Appeals denied recovery of damages to the plaintiffs as a matter of law, since the minor plaintiff admittedly procured the intoxicating beverages in violation of state statutes and had shared them with his male companion to the point of mutual intoxication. . . .

. . . .

We agree with the Court of Appeals that a person, who has the capacity and judgment to act responsibly in his own behalf cannot recover damages where he actively contributes to the intoxication of another and the intoxication is the proximate cause of the injury that is the subject of the legal action.

*Brookins,* 624 S.W.2d at 550. The complaint alleges that the defendants' action in selling

the intoxicating liquors to Cook was the proximate cause of the accident and injuries. As stated previously, a Rule 12.02(6) motion to dismiss for failure to state a claim tests only the sufficiency of the complaint, not the strength of the plaintiff's proof. On a motion to dismiss, there are no facts in the record to indicate the presence, or absence, of a causal connection between Cook's intoxication and the accident. *See McIntyre,* 833 S.W.2d at 59 (negligence per se doctrine requires a causal connection between the injury and the conduct purported to constitute negligence); *Smith,* 841 S.W.2d at 831 (same).

█ The Court is not prepared to hold that, no matter what the circumstances, the acts of a minor in purchasing and consuming alcoholic beverages always constitute the proximate cause of injuries sustained by the minor; nor is the Court prepared to hold that the sale of alcoholic beverages to a minor is never the proximate cause of injuries sustained by the purchaser. The finding of proximate cause must be based on proof of causation in fact. *Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn.1993); *see Brookins,* 624 S.W.2d at 549.

On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough. . . .

W. Page Keeton et al., *Prosser and Keeton on Torts* § 41, at 269 (5th ed. 1984).

On remand, the case will be tried according to the principles of comparative fault. *Cook v. Spinnaker's of Rivergate, supra.*

The judgment of the trial court is reversed and the cause remanded.

Costs are taxed against the appellants.

DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.

*OPINION ON PETITION TO REHEAR*

This case is before the Court on defendants' petition to rehear pursuant to Tenn.

R.App.P. 39. The Court's opinion released March 7, 1994, found that a minor, such as Cook, is held to an adult standard of care when operating an automobile on a public road and acknowledged that driving while intoxicated on a public road is gross negligence. The defendants' motion for summary judgment was denied by this Court because the record does not establish as a matter of law the proximate cause of Cook's injuries. The Court explained:

> The Court is not prepared to hold, that no matter what the circumstances, the acts of a minor in purchasing and consuming alcoholic beverages always constitutes the proximate cause of injuries sustained by the minor; nor is the Court prepared to hold that the sale of alcoholic beverages to a minor is never the proximate cause of injuries sustained by the purchaser.

Accordingly, the Court remanded the case for trial.

Defendants assert in their petition to rehear that the Court made a "clerical or other mistake" by overlooking paragraph 11 of Plaintiffs' Fourth Amended Complaint which states:

> 11. At approximately 12:30 a.m. on January 9, 1991, after leaving Spinnaker's Restaurant, the plaintiff while operating her motor vehicle as a licensed driver on a public road of Sumner County, Tennessee, was involved in a one-car accident in Sumner County which was caused by her intoxication in which she suffered severe and permanent injuries including multiple compound fractures and severe brain injury.

In support of their petition to rehear, defendants argue that had the Court considered paragraph 11 of the Fourth Amended Complaint, it would have dismissed plaintiffs' cause of action. Specifically, defendants contend that if Cook's injuries were not caused by her intoxication, defendants could not be held liable because their actions in serving the intoxicating liquor to Cook did not lead to the accident. And, if Cook's injuries were caused by her intoxication, she was grossly contributory negligent because she was driving a car on a public road in an intoxicated condition. According to defendants, "there is no third possibility."

Of course, there is a third possibility—the defendants' illegal act caused Cook to become intoxicated and was the proximate cause of the accident. There is no inconsistency in the allegation that the defendants' serving intoxicating liquor to Cook caused her to become intoxicated and thus unable to operate her automobile safely. The complaint specifically alleges that defendants' action in selling the intoxicating liquor to Cook was the proximate cause of the accident. If this allegation can be established when the case is developed factually, defendants may be held liable. *McClenahan v. Cooley,* 806 S.W.2d 767, 775 (Tenn.1991) ("There is no requirement that a cause, to be regarded as the proximate cause of an injury, be the sole cause, the last act, or the one nearest to the injury, provided it is a substantial factor in producing the end result."). As stated in the opinion, proximate causation is for the jury to decide unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome. *McClenahan,* 806 S.W.2d at 775. The record does not disclose, as a matter of law, the proximate cause of Cook's alleged damages.

The petition to rehear is denied at defendants' cost.