# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs December 21, 2001

## MONROE E. DAVIS v. STATE OF TENNESSEE, ET AL.

**Appeal from the Tennessee Claims Commission, Eastern Division**
**No. 20001753      Vance W. Cheek, Jr., Commissioner**

**FILED JANUARY 30, 2002**

**No. E2001-02032-COA-R3-CV**

---

The plaintiff, Monroe E. Davis is a prisoner in state custody.  He filed a complaint with the Tennessee Claims Commission ("the Claims Commission") against the State of Tennessee and the warden of the facility at which he is incarcerated, seeking damages for the alleged detention and/or conversion of his personal property by the warden.  The Claims Commission granted the defendants' motion to dismiss.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims Commission Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Monroe E. Davis, Petros, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; and Nichon Shannon, for the appellees, State of Tennessee and Howard Carlton.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

I.

Davis, an inmate at the Northeast Correctional Complex ("NECC") in Mountain City, filed a complaint with the Claims Commission against the State of Tennessee and Howard Carlton, the warden of NECC, alleging that Warden Carlton disposed of numerous boxes of Davis' personal items and that said disposition was in violation of Davis' rights.

The State filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02 for failure to state a claim upon which relief could be granted. The Claims Commission granted the State's motion, predicated on Davis' failure to satisfy the jurisdictional requirements of T.C.A. § 9-8-307 (Supp. 2001). Davis now appeals, contending that the Claims Commission erred.

II.

The relief granted by the trial court in response to the State's Rule 12.02 motion presents a question of law, which we review *de novo* with no presumption of correctness. *See* ***Stein v. Davidson Hotel Co.***, 945 S.W.2d 714, 716 (Tenn. 1997). We must examine the complaint alone, "construe the complaint liberally in favor of the plaintiff, [and] tak[e] all allegations of fact therein as true." ***Cook v. Spinnaker's of Rivergate, Inc.***, 878 S.W.2d 934, 938 (Tenn. 1994).

III.

The jurisdiction of the Claims Commission is governed by T.C.A. § 9-8-307, which provides, in pertinent part, as follows:

> (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims *against the state based on the acts or omissions of "state employees*,"... falling into one (1) or more of the following categories:
>
> * * *
>
> (F) *Negligent* care, custody or control of personal property;
>
> * * *
>
> (d) *...The state will not be liable for willful, malicious, or criminal acts by state employees, or for acts on the part of state employees done for personal gain....*
>
> * * *
>
> (h) State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's

office or employment, except for willful, malicious, or criminal acts
or omissions or for acts or omissions done for personal gain....

(Emphasis added). Davis asserts that Warden Carlton acted "willful[ly], malicious[ly], and criminal[ly]," and that he acted "for personal gain" in allegedly disposing of Davis' property. T.C.A. § 9-8-307(d) specifically provides that the state "will not be liable for willful, malicious, or criminal acts by state employees, or for acts on the part of state employees done for personal gain." Therefore, we find and hold that Davis' claim against the State, as alleged by him, is outside of the scope of the jurisdiction of the Claims Commission.

We also find and hold that T.C.A. § 9-8-307 limits the jurisdiction of the Claims Commission to covered claims asserted *against the State*. The Claims Commission has no jurisdiction to entertain a claim against an individual. *See Myers v. Hurst Constr. Co.*, C/A 01A01-9609-CV-00397, 1997 WL 92078, at *2 (Tenn. Ct. App. M.S., filed March 5, 1997). Hence, the Claims Commission was correct in dismissing Davis' claim against Warden Carlton.

Davis bases his argument as to Warden Carlton on T.C.A. § 9-8-307(h), which provides that state employees are not immune from liability for "willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain." This subsection of the statute simply establishes that a state employee is not immune for the type of conduct described therein. The import of this subsection, in the context of the facts of this case, is limited to this statement of non-immunity. It has no further meaning; it certainly does not confer *jurisdiction* upon the Claims Commission for claims against individuals.

IV.

The judgment of the trial court is affirmed. This case is remanded for collection of costs, assessed below. Costs on appeal are taxed to the appellant, Monroe E. Davis.

_____
CHARLES D. SUSANO, JR., JUDGE