IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 9, 2001

## WILLIAM ALLEN v. DONAL CAMPBELL, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-784-II     Carol McCoy, Chancellor**

**No. M2001-00277-COA-R3-CV - Filed March 11, 2002**

Petitioner, a state inmate, filed the underlying *pro se* declaratory judgment action pursuant to the Uniform Administrative Procedures Act to seek review of the Tennessee Department of Correction's refusal to answer a petition for a declaratory order. Petitioner requested a declaratory order to determine his entitlement to both good conduct sentence credits and good and honor time credits. The trial court granted the Department's motion to dismiss for failure to state a claim holding that petitioner was not entitled to duplicate sentence credits. For the following reasons, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

William Allen, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Pamela S. Lorch, Assistant Attorney General, Nashville, Tennessee, for the appellees, Donal Campbell, et al.

**OPINION**

This case involves a dispute between William Allen, an inmate in the Tennessee prison system, and the Tennessee Department of Correction ("Department") concerning the calculation of Mr. Allen's sentence reduction credits. Mr. Allen filed a petition for declaratory order with the Department of Correction alleging that he was entitled to sentence credits under two different statutory credit systems. After the Tennessee Department of Correction declined to issue a declaratory order, Mr. Allen sought declaratory judgment pursuant to the Uniform Administrative Procedures Act. He alleged that he was entitled to receive credits under both statutory systems and that the miscalculation of sentence credits was a violation of both his due process and equal protection rights by the Department. The Department responded with a motion to dismiss under

Tenn. R. Civ. P. 12.02(6) for failure to state a claim.[1]  The court granted the Department's motion to dismiss holding that Mr. Allen was not entitled to earn good conduct sentence credits under Tenn. Code. Ann. § 41-21-229 in addition to good and honor time credits of Tenn. Code Ann. § 41-21-212 and § 41-21-214 for the same time served.  Mr. Allen has appealed.

## I. Applicable Sentence Credit Statutes

William Allen was convicted of first degree murder in 1968.  He received a 99-year sentence. When Mr. Allen was first incarcerated, Tenn. Code Ann. §§ 41-332 and 41-334 (redesignated 41-21-212 and 41-21-214 in 1982) were in effect.  Under Tenn. Code Ann. § 41-332 a prisoner "who shall demean himself uprightly" could earn credits for good behavior which were to be deducted from his sentence.[2]  Tenn. Code Ann. § 41-333 (redesignated § 41-21-213 in 1982) provided that a record of conduct for each prisoner was to be kept, and this record "shall become the basis for the allowance of 'good time'."  In addition to these good time credits, Tenn. Code Ann. § 41-334 authorized credit for those prisoners placed in an honor grade status of two months of honor time for "each year of the term of service."

When Mr. Allen was initially incarcerated in 1970, the Department calculated a presumptive sentence expiration date based upon his sentence and the good and honor time credits available to him under the statutes described above which were then in effect.  This calculation resulted in a presumptive sentence of fifty (50) years and seven (7) months, based on an assumption that Mr. Allen's behavior would result in his earning the credits available.

The General Assembly enacted a new sentence credit structure in 1980, which replaced the earlier good and honor time sentence credit system.[3]  Tenn. Code Ann. §§ 41-359 (redesignated as 41-21-229) and 41-361(redesignated as 41-21-231).  The new system provided for "good conduct sentence credits" and went into effect on July 1, 1981. The statute specifically provided that after July 1, 1981, those persons convicted of an offense prior to that date "shall be entitled to earn good

---

[1]The Department also moved to dismiss for lack of subject matter jurisdiction on the basis that Mr. Allen failed to exhaust his administrative claims.  Noting that the record included numerous requests to the Department from Mr. Allen, the trial court ordered the Department to more specifically identify the actions Mr. Allen was supposed to take in order to exhaust those claims.  The Department responded by clarifying that its allegation of failure to exhaust administrative claims applied to Mr. Allen's claims under only one statute.  Subsequently, Mr. Allen moved to withdraw those claims in contention and to proceed with the claims the Department agreed he had exhausted.  The court granted his motion for partial withdrawal of claims relating to sentence credits under Tenn. Code Ann. § 41-21-230 (program participation credits).  Since the claim involving program participation credits was withdrawn, no issue regarding those credits is before us on appeal.

[2]According to the formula set out in the statute, a prisoner could earn one month of good time credit for the first year of incarceration, two months of credit for the second year, three months for each subsequent year up to and including the tenth year, and four months for every subsequent year of imprisonment.

[3]All the previous sentence credit statutes were repealed in 1985. 1985 Tenn. Pub. Acts (1st Ext. Sess.) Ch. 5 § 14.  *See also* Tenn. Code Ann. § 41-21-236(g).

conduct time in accordance with Tenn. Code Ann. § 41-21-229, and no person thereafter shall be entitled to sentence credits pursuant to §§ 41-21-212 or 41-21-214." Tenn. Code Ann. § 41-21-231. The same provision included a formula for converting good and honor time credits earned under the old system prior to July 1981 to the new system of good conduct sentence credits.

The new statutory system did not include a waiver or opt-in provision to the new good conduct sentence credits system,[4] and it applied across the board to all prisoners. *Jones v. Reynolds*, No. 01A01-9510-CH-00484, 1997 Tenn. App. LEXIS 462, at *10-11 (Tenn. Ct. App. July 2, 1997) (no Tenn. R. App. P. 11 application filed). Thus, according to the statute, all prisoners would be eligible to earn good conduct sentence credits in lieu of good and honor time from July 1, 1981, forward. The new system replaced the older one. *Id.*

## II. The Petitioner's Claim

Mr. Allen asserts he is entitled to good time and honor time credits under the pre-1981 system and to good conduct sentence credits under the post-1981 system. More specifically, he asserts he is entitled to all the good time and honor time credits reflected in the Department's presumptive sentence calculations supplied him early in his incarceration. In other words, he claims entitlement to the entire maximum number of credits he could have earned under the old system as well as additional credits starting in 1981 under the new system.

Mr. Allen's arguments presume incorrectly that the Department's projection of his sentence expiration date actually was an award of those projected credits. That is simply not the case. As the statutes, quoted above, make clear, the pre-1981 (as well as the post-1981) sentence credits could be earned by a prisoner. They were not awarded until earned. Prisoners do not earn good conduct sentence credits or good and honor time credits in advance. *Greene v. Tennessee Dep't of Correction*, No. 01A01-9608-CH-00370, 1998 Tenn. App. LEXIS 461, at *10-11 (Tenn. Ct. App. July 10, 1998) (permission to appeal denied Oct. 19, 1998).[5] In addition, the statute effecting the 1981 change makes it clear that after July 1, 1981, no prisoner could earn credits under the prior system. Thus, it was not possible for Mr. Allen to earn credits under both systems concurrently.

---

[4]The General Assembly created the "prisoner sentence reduction credit" program in 1985 that was available to prisoners who committed felonies prior to December 11, 1985. Prisoners were not eligible for this program unless they signed a written waiver pursuant to Tenn. Code Ann. 41-21-236(c)(3), -236(g). Mr. Allen did not sign the waiver, and therefore continued to accrue sentence reduction credits in accordance with the pre-existing sentence credit statutes. *See* Tenn. Code Ann. 41-21-236(g). Mr. Allen did not allege that he was denied "prisoner sentence reduction credits", thus we need not discuss them further.

[5]*See also Jones v. Morgan*, No. 01C01-9606-CC-00263, 1997 Tenn. Crim. App. LEXIS 508 (Tenn. Crim. App. May 30, 1997), wherein a prisoner made a similar claim that sentence credits must be credited against the Department's projection of when his sentence would expire. The court dismissed that claim, stating "the record indicates that he is using as his base sentence an expiration date calculation by the Department of Correction that already includes his projected sentencing, credits. In other words, the petitioner's calculations provide him with doubled sentencing credits to which he is not entitled." *Id*. at *4-5.

The claims raised by Mr. Allen have been addressed by this court before.  In *Greene v. Tennessee Dep't of Correction*, 1998 Tenn. App. LEXIS 461, another prisoner claimed entitlement to credits under both the good and honor time system and the later good conduct sentence credits system.  In ruling on that claim, we stated:

> We have already addressed this claim and have found that the good conduct sentence credits authorized by Tenn. Code Ann. § 41-21-229 completely replaced the previously existing good and honor time credits and that these good conduct sentence credits would apply across the board to all prisoners.

*Id*. at \*6 (citing *Jones v. Reynolds*, 1997 Tenn. App. LEXIS 462, at \*10-11).  Accordingly, we ruled that Mr. Greene was entitled to credits earned under the old system from his incarceration to July 1, 1981, and from that date forward was eligible to earn credits under the newer system.  Similarly, Mr. Allen is entitled to be credited with any good and honor time he earned under the pre-1981 system up until July 1, 1981.  He is also entitled to any good conduct sentence credits he has earned since that date under the newer system.  Herein, Mr. Allen does not allege he has not received the appropriate credits he earned using this methodology.

Mr. Allen also relies on the language in Tenn. Code Ann. § 41-21-229(f) to the effect that the good conduct sentence credits created in that statute "shall be in addition to any other sentence credits authorized by law."  He asserts that because he was entitled to earn credits under the system in effect at the time of his offense, those credits are in effect additional credits authorized by law.  That argument overlooks, however, the language of Tenn. Code Ann. § 41-21-231 that after July 1, 1981, "no person thereafter shall be entitled to sentence credits pursuant to §§ 41-21-212 or 41-21-214."  Thus, after July 1, 1981, the good and honor time credits established by superseded law were no longer "authorized by law."  "Prisoners do not have an inherent right to sentence reduction credits.  These credits are creatures of statute, and thus the right to receive or accrue credits depends on the statutes authorizing them."  *Jones v. Reynolds*, 1997 Tenn. App. LEXIS 462, at \*10-11.

Mr. Allen also argues that by depriving him of sentence credits, the Department has adversely affected his liberty interests created by statute in sentence credits and violated his rights to equal protection under the law.  His constitutional claims are based, in large part, upon his contention that he "earned" all the good and honor time credits under the pre-1981 system that the Department had projected he would be eligible to earn over his entire sentence.  As discussed above, that premise is inaccurate.  As to credits he had not yet earned under the old system prior to July 1, 1981, he had no property or liberty interest in such credits, and the legislature's decision to change the system of sentence credits did not implicate any due process protections.

Mr. Allen argues that the credits projected as earnable by the Department were an inherent part of the sentence structure at the time of his offense and that the legislature could not constitutionally deprive him of credits earned under that system and, alternatively, could not deprive him of his right to continue to earn credits under that system.  He asserts "his sentence spans both

the original Good and Honor Time statutes in effect in 1968 at the time of his offense, and the 1981 Good Conduct statutes, and he is thereby entitled to credits of both." This argument is, in essence, a claim of *ex post facto* clause violation.

We have considered these same constitutional claims in the same factual context before. In *Greene*, we recognized that the prohibitions on *ex post facto* legislation prevent legislatures from increasing criminal penalties beyond those prescribed for a crime when it was committed. *Greene*, 1998 Tenn. App. LEXIS 461, at *7-8. Sentence reduction credit statutes in effect at the time of the commission of a crime are, as Mr. Allen asserts, an inherent part of his sentence; consequently, application to him of a system of sentence credits which reduces the amount of credit he is eligible to receive, if such application effectively imposes a greater punishment at a date after the offense, is subject to constitutional attack.

However, we determined in *Greene*, as we had earlier in *Jones* that the good conduct sentence credit system allows a prisoner to earn more credits than the previous system and decreases rather than increases the potential length of incarceration. *Id*. at *8-9. Consequently, the legislature's adoption of a new system to replace the one in effect at the time of Mr. Allen's offense does not amount to an *ex post facto* violation.

## III. Conclusion

A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of the petitioner's proof. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to constitute a cause of action. *Id.* In resolving the issues in this appeal, we are required to construe the complaint liberally in the plaintiff's favor and take the allegations of the complaint as true. *Bell v. Icard, Merrill, Cullins, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). Our standard of review on appeal from a trial court's ruling on a motion to dismiss is *de novo*, with no presumption of correctness as to the trial court's legal conclusions. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

Mr. Allen is not entitled to earn credits under both systems concurrently. The later system replaced the earlier system. Consequently, he has failed to state a claim upon which relief can be granted. The decision of the trial court is affirmed. Costs are taxed to the Appellant, William Allen, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE