# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 17, 2003 Session

## JAMIE CHE'REE ROBINSON, ET AL. v. DONALD SUNDQUIST, ET AL.

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 50000389     James E. Walton, Judge**

---

**No. M2001-01491-COA-R3-CV - Filed May 20, 2003**

---

The trial court dismissed this action for failure to state a claim.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Mariah L. Collier, *Pro se.*

Paul G. Summers, Attorney General and Reporter and Elizabeth C. Driver, Assistant Attorney General, for the appellee, State of Tennessee.

David Haines, Clarksville, Tennessee, for the appellees, Lavoyed Hudgins and Clarksville Police Department.

### MEMORANDUM OPINION[1]

On June 12, 2000, Ms. Mariah Collier (Ms. Collier) filed a petition in juvenile court alleging her daughter, Jamie Robinson (Jamie), was an unruly child.  On June 20, the court found Jamie to be a dependent and neglected child and committed her to DCS custody.  As far as we are able to ascertain from Ms. Collier's complaint and brief, Jamie has received medical and/or psychiatric care while in State custody.  Apparently, Jamie receives social security benefits which have been used by the State, at least in part, to defray the costs of this treatment.  On September 5, 2000, Mariah Collier (Ms. Collier), acting ***pro se***, filed a complaint in the Circuit Court for Montgomery County

---

[1] Rule 10.  MEMORANDUM OPINION.  This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

against the Clarksville Police Department and the State of Tennessee. The trial court granted the Defendants' Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim on February 1, 2001. Ms. Collier now appeals.

### *Issue for Review*

The issue for review by this Court, as we restate it, is whether the trial court erred by dismissing the action for failure to state a claim.

### *Standard of Review*

A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint itself. *Cook v. Spinnakers of Rivergate, Inc.,* 878 S.W.2d 934, 938 (Tenn. 1994). The grounds for such a motion is that the allegations of the complaint, if considered true, are not sufficient to constitute a cause of action as a matter of law. *Id.* A motion to dismiss should only be granted if "it appears that the plaintiff can establish no facts supporting the claim that would warrant relief." *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). Accordingly, we review a trial court's award of a motion to dismiss *de novo*, with no presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

### *Discussion*

In her complaint, Ms. Collier alleges numerous violations by the State, including civil rights violations and first and fourteenth amendment violations. However, how the State has violated these rights, and what remedy she seeks, is unclear from her complaint. In her motion for injunctive relief, filed in the trial court on the same day as her complaint, Ms. Collier states: "[t]he Social Security Check is at the heart of this matter." Likewise, in the conclusion of her brief to this Court, Ms. Collier states that she and Jamie have asked for all funds allegedly misappropriated by DCS to be refunded. She submits that Jamie's medical payments "required insurance payments not social security money," and asks that social security funds used to pay for medical treatment be refunded.

A plaintiff in a civil rights action cannot base his complaint on abstract constitutional violations. *Anderson v. Crieghton*, 483 U.S. 635, 640 (1983). In order to overcome governmental qualified immunity, a plaintiff must base his complaint on concrete assertions of fact. *U.S. v. Lanier*, 520 U.S. 259, 270 (1997). After reviewing the record before us, we agree with the trial court that Ms. Collier has failed to articulate a cause of action. Her complaint simply fails to refer the court to a factual basis supporting her abstract allegations of constitutional violations. We accordingly affirm the trial court's dismissal of Ms. Collier's action. Costs of this appeal are taxed to the appellants, Jamie Che'ree Robinson & Mariah L. Collier, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE