IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2010 Session

# SUSAN L. BOWMAN, INDIVIDUALLY AND AS SURVIVING SPOUSE OF ANTHONY J. BOWMAN, DECEASED AND AS NEXT FRIEND OF JOEL BOWMAN, a Minor v. CITY OF MEMPHIS

Direct Appeal from the Circuit Court for Shelby County
No. CT-002427-04     Donna Fields, Judge

No. W2009-00084-COA-R3-CV - Filed January 27, 2010

The trial court dismissed Plaintiff's claim under the Governmental Tort Liability Act for damages arising from alleged malicious harassment under Tennessee Code Annotated §§ 4-21-101 & 701 based on Plaintiff's failure to allege malicious harassment based on race, color, religion, ancestry or national origin. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S. and J. STEVEN STAFFORD, J., joined.

Ronald D. Krelstein, Germantown, Tennessee, for the appellant, Susan L. Bowman.

Henry L. Klein, Memphis, Tennessee, for the appellee, City of Memphis.

## OPINION

The facts relevant to our disposition of this appeal are not disputed. On April 28, 2004, Plaintiff/Appellant Susan L. Bowman (Ms. Bowman), acting individually, as surviving spouse of Anthony J. Bowman, and as next of friend of Joel Bowman, a minor, filed a complaint and amended complaint in the Circuit Court for Shelby County pursuant to the Governmental Tort Liability Act ("GTLA"). In her complaint, Ms. Bowman sought damages for loss of spousal and filial consortium pursuant to Tennessee Code Annotated § 20-5-113, and damages for emotional distress and trauma under §§ 4-21-101 & 701.

Ms. Bowman alleged in her complaint that, on May 14, 2003, police officers shot and

killed her husband, Dr. Anthony J. Bowman (Dr. Bowman), in the course of responding to her 911 call for assistance. She asserted that she had informed 911 operators that Dr. Bowman was "acting erratically and appeared to be emotionally distraught"; that Dr. Bowman apparently had left the family home; and that Dr. Bowman suffered from and was taking medication for bi-polar disorder. Ms. Bowman further alleged that Dr. Bowman returned to the family home and that, when she and police officers also returned to the home, Dr. Bowman placed a handgun to his head and threatened to kill himself. She asserted that Dr. Bowman ran up and down a flight of stairs and left the home through the front door. Ms. Bowman alleged that Dr. Bowman had the handgun pointed as his head during the incident, that he did not point the gun at anyone else, and that he did not threaten to harm anyone other than himself. She alleged that police officers shot Dr. Bowman multiple times and killed him despite the fact that "though emotionally disturbed, Dr. Bowman was not a threat to anyone else."

In her complaint, Ms. Bowman asserted that the police officers were acting within the course and scope of their employment, and that the City of Memphis was liable for the officers' actions under the doctrine of *respondeat superior* under Tennessee Code Annotated § 4-21-701. Ms. Bowman also alleged that the officers' use of deadly force was intentional and willful, and asserted Dr. Bowman was deprived of his constitutional rights under Article 1, Sections 7 & 8, of the Tennessee Constitution. She alleged that she and her minor son were within the "zone of danger" when Dr. Bowman was killed, and that they continue to suffer from emotional distress. Ms. Bowman further asserted that police officers conducted an illegal search of her home and Dr. Bowman's vehicle, and forced her into a police car for questioning. She alleged deprivation of her constitutional rights against unreasonable search and seizure. Ms. Bowman prayed for compensatory and punitive damages for herself and her minor son pursuant to Tennessee Code Annotated §§ 20-5-110 & 113 and § 4-21-701 and pursuant to the GTLA. She also prayed for costs, prejudgment interest, and attorney's fees.

The City of Memphis ("the City") answered and moved to dismiss the complaint for failure to state a claim. The City generally denied Ms. Bowman's claims, asserted that Dr. Bowman posed a threat to others, and further asserted that the actions of the police officers was justified. The City asserted that Ms. Bowman had not stated a claim for malicious harassment under Tennessee Code Annotated § 4-21-701 and under the GTLA.

The trial court dismissed Ms. Bowman's claim for malicious harassment under § 4-21-701 on the grounds that Ms. Bowman had failed to allege conduct motivated by considerations of race, color, ancestry, religion or national origin as required by case law construing the statute. In October 2007, the trial court granted permission for interlocutory appeal to this Court. We denied permission in January 2008. The supreme court also denied review. In April 2008, Ms. Bowman moved to amend her complaint to allege a cause of

action under 42 U.S.C. § 1983.  It is unclear from the record transmitted to this Court whether the trial court has granted that motion.

In January 2009, the trial court made its order dismissing Ms. Bowman's claim for malicious harassment final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Ms. Bowman filed a timely notice of appeal to this Court.  Oral argument was heard in this matter on January 19, 2010.

### *Issue Presented*

The issue presented for our review, as we slightly re-word it, is whether the trial court erred in granting the City's motion to dismiss Ms. Bowman's claim under Tennessee Code Annotated § 4-21-701 on the grounds that Ms. Bowman failed to allege conduct motivated by race, color, religion, ancestry or national origin.

### *Standard of Review*

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests only the legal sufficiency of the complaint itself.  *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994).  The grounds for such a motion is that the allegations of the complaint, if considered true, are not sufficient to constitute a cause of action as a matter of law.  *Id.*  A motion to dismiss should be granted only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief.  *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999).  We review a trial court's award of a motion to dismiss *de novo*, with no presumption of correctness.  *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1 997).

### *Discussion*

As Ms. Bowman acknowledges, this Court previously has held that, to establish a claim for malicious harassment under Tennessee Code Annotated § 2-31-701, the plaintiff/victim must demonstrate that the defendant intentionally intimidated the plaintiff from the free exercise of a constitutionally protected right, and that the offending conduct was motivated by the plaintiff/victim's race, color, religion, ancestry or national origin. *Oates v. Chattanooga Pub. Co.*, 205 S.W.3d 418, 427-28 (Tenn. Ct. App. 2006), *perm. app. denied* (Tenn. Sept. 25, 2006); *Levy v. Franks*, 159 S.W.3d 66, 80 (Tenn. Ct. App. 2004), *perm. app. denied* (Tenn. Dec. 6, 2004).  Ms. Bowman respectfully asserts, however, that *Levy* and its progeny were wrongly decided.  She asserts that the supreme court set forth the elements of a claim for malicious harassment under the statute in *Washington v. Robertson County*, 29 S.W.3d 466 (Tenn. 2000), and that the supreme court did not include conduct

motivated by race, color, religion, ancestry or national origin as a requisite element. Ms. Bowman asserts, in short, that *Levy* was wrongly decided and urges us to overrule it.

We recently addressed this argument in *Davidson v. Bredesen*, No. M2008-01298-COA-R3-CV, 2009 WL 4059090, at *10-11 (Tenn. Ct. App. Nov. 23, 2009). In *Davidson*, we declined to overrule *Levy*, and reaffirmed that to establish a claim for malicious harassment under Tennessee Code Annotated § 4-21-701 the plaintiff must demonstrate conduct motivated by race, color, religion, ancestry or national origin. We reaffirm this holding again today.

As the supreme court noted when tracing the history of the statute in *Washington*, the cause of action for malicious harassment is contained within the Tennessee Human Rights Act ("THRA"). *Washington v. Robertson County*, 29 S.W.3d 466, 471 (Tenn. 2000). As the *Washington* court observed, the THRA "in general, addresses discrimination based on race, creed, color, religion, sex, gender, or national origin." *Id.* (citing Tenn. Code. Ann. § 4-21-101, *et. seq.* (1998)). The *Washington* court analyzed the legislative history of the act and concluded that its purpose was to create "a civil remedy for so-called 'hate crimes' committed by ethnic and racial supremecist (sic) groups . . . in addition to, but separate from, the applicable criminal statutes set forth first in Tenn. Code Ann. § 39-17-313 and then in Tenn, Code Ann. § 39-17-309." *Id.* As the *Washington* court noted, section 39-17-313 as it existed when § 4-21-701 was enacted provided:

> It shall be unlawful for any person knowingly to intimidate or harass another
> person because of that person's race, color, religion, ancestry origin . . .

*Id.* at 469 (quoting Tenn. Code Ann. § 39-17-313 (1990)).

We again reject the argument that, in *Levy*, this Court imposed elements on the statutory scheme that were not intended by the General Assembly or that improperly extended the supreme court's holding in *Washington*. As we stated in *Davidson*, the supreme court and the General Assembly have had ample opportunity to reverse or supercede our holding in *Levy*, and have declined to do so.

### *Holding*

At oral argument of this matter, Ms. Bowman concedes that she cannot in good faith allege that the police officers' conduct complained of in this case was motivated by considerations of race, color, religion, ancestry or national origin. In light of the foregoing discussion, we affirm dismissal of Ms. Bowman's claim for malicious harassment under

Tennessee Code Annotated §§ 4-21-101 & 701.  Costs of this appeal are taxed to the Appellant, Susan L. Bowman, and her surety, for which execution may issue if necessary.


_____
DAVID R. FARMER, JUDGE