IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2011

# YOUNG BOK SONG v. TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 09-1746-IV      Russell T. Perkins, Chancellor**

---

**No. M2010-01198-COA-R3-CV - Filed June 1, 2011**

---

The petitioner, Young Bok Song ("Song"), a prisoner serving a 65-year sentence resulting from convictions for rape of a child and aggravated sexual battery, filed a petition for declaratory judgment, requesting that the Tennessee Department of Children's Services ("DCS") be directed to release to him copies of its investigative records from his criminal case. The trial court dismissed the petition on the grounds of sovereign immunity and failure to state a claim upon which relief can be granted. Song appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Young Bok Song, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Associate Solicitor General, and Janet M. Kleinfelter, Deputy Attorney General, Nashville, Tennessee, for the State of Tennessee and the Tennessee Department of Children's Services.

**OPINION**

## I. BACKGROUND

A jury convicted Song of seven counts of rape of a child and four counts of aggravated sexual battery. He was sentenced to 65 years to be served at 100 percent in the

Tennessee Department of Correction. His convictions and sentence were affirmed by the Court of Criminal Appeals in November 2005,[1] and his application for permission to appeal was denied by the Supreme Court four month's later.

On September 1, 2009, in a petition for a declaratory judgment, Song requested that the trial court order DCS "to release all copy of all 'Investigative Records'" in his case without delay. DCS and the State of Tennessee ("State") moved to dismiss the petition based upon the two following positions:

> (1) To the extent that the petition can be construed as seeking declaratory relief as against the Respondents under the Tennessee Declaratory Judgment Act, Tenn. Code Ann. § 29-14-101, et seq., it is barred by the Doctrine of Sovereign Immunity and, therefore, the court lacks subject matter jurisdiction.

> (2) To the extent the petition can be construed as a petition seeking access to public records pursuant to Tenn. Code Ann. § 10-7-505, state law clearly provides that the records in question are confidential and, therefore, the petition fails to state a claim upon which relief can be granted.

The trial court subsequently granted the motion on the requested grounds. The Memorandum and Order states in pertinent part:

> Article 1, § 17 of the Tennessee Constitution provides that suits may be brought against the State in such a manner and in such courts as the Legislature may by law direct. This provision has been interpreted as a grant of sovereign immunity to the State; thus, no suit against the State may be sustained absent express authorization from the Legislature. *See Coffman v. City of Pulaski*, 422 S.W.2d 429 (Tenn. 1967). Similarly, suits against a state agency and a state official acting in his or her official capacity are also generally barred by sovereign immunity. *See Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 829 (Tenn. 2008).

> Tenn. Code Ann.§ 20-13-102(a) provides:

> No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by

---

[1]*State v. Young Bok Song*, No. M2004-02885-CCA-R3-CD, 2005 WL 2978972 (Tenn. Crim. App. Nov. 4, 2005).

authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

*Id.* This section prohibits courts from hearing cases against the State absent waiver and requires dismissal. A waiver of sovereign immunity will not be found "unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation." . . . [T]he Tennessee Supreme Court [has] held that the Declaratory Judgment Act does not waive sovereign immunity.

Because petitioner seeks an order directing the respondents to release a copy of all "investigative records" concerning Petitioner's criminal case in the possession of DCS, his claim is one that seeks "to reach the state, its treasury, funds, or property," and therefore is barred by the doctrine of sovereign immunity. Furthermore, construing Petitioner's Petition as one seeking access to public records, the request must be denied, as the records in question are confidential under Tenn. Code Ann. § 37-1-612.

Tenn. Code Ann. § 37-1-612(a) provides:

In order to protect the rights of the child and the child's parents or other persons responsible for the child's welfare, all records concerning reports of child sexual abuse, including files, reports, records, communications and working papers related to investigations or providing services; video tapes; reports made to the abuse registry and to local offices of the department; and all records generated as a result of such processes and reports, shall be confidential and exempt from other provisions of law, and shall not be disclosed, except as specifically authorized by title 37, chapter 5, part 5, the provisions of this part and part of this chapter.

*Id.* Tenn. Code Ann. § 37-1-612, enumerates exceptions to the general rule of confidentiality, providing access to such records to certain people; however, "[t]hose accused of child sexual abuse are not among the exceptions to Tenn. Code Ann. § 37-1-612." "Furthermore, Tenn. R. Crim. P. 16(a)(2) prohibits discovery and inspection of reports and other internal documents made by state

agents in connection with the investigation and prosecution of the case." *Id.* Therefore, Petitioner is not entitled to the records he seeks.

(Internal citations omitted). Song filed a timely notice of appeal.

## II. ISSUES

Although Song has presented many issues for review, only one is properly before us: Did the trial court err in granting the motion to dismiss.

## III. STANDARD OF REVIEW

As stated by this court in *McConnell, et al v. Fuller*, No. E2010-00530-COA-R3-CV, 20011 WL 538855 (Tenn. Ct. App. E.S., Feb. 15, 2011), relying upon the Tennessee Supreme Court case of *Stein v. Davidson Hotel Co.*, 945 S.W. 2d 714 (Tenn. 1997), the standard of review as to the granting of a motion to dismiss is as follows:

> A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of [his/]her claim that would entitle [him/]her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W. 2d 934, 938 (Tenn. 1994). . . . [W]e take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook*, *supra*.

*Stein*, 945 S.W.2d at 716. Matters outside the pleadings should not be considered in deciding whether to grant a motion to dismiss. *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W. 3d 691, 696 (Tenn. 2002).

As to how appellate courts should treat pro se litigants, we have noted previously as follows:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give pro se litigants who lack formal legal training a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*See Alex Lyon & Son Sales Managers and Auctioneers, Inc. v. Boles*, No. M2010-00388-COA-R3-CV, 2010 WL 3895520, at *2 (Tenn. Ct. App. M.S., Oct. 5, 2010) (quoting *MBNA Am. Bank, N.A. v. Baker*, No. M2004-02239-CO-R3-CV, 2007 WL 3443600, at *3 (Tenn. Ct. App. M.S., Nov. 15, 2007)) (citations omitted).

## IV. DISCUSSION

### A.

Article 1, Section 17 of the Tennessee Constitution provides in pertinent part that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." This provision has been interpreted by courts in this state as a grant of sovereign immunity to the state. Thus, no suit may be sustained against the state absent the

express authorization of the Legislature. *See Greenhill v. Carpenter,* 718 S.W.2d 268, 270 (Tenn. Ct. App. 1986) (citing *Coffman v. City of Pulaski*, 422 S.W.2d 429 (Tenn. 1967)).

The constitutional prohibition is codified in Tenn. Code Ann. § 20-13-102(a):

No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

Accordingly, sovereign immunity prohibits the trial court from hearing this matter against the state unless the state has waived its sovereign immunity. A waiver requires a clear and unmistakable disclosure of an intent to waive on the part of the Legislature. The Declaratory Judgment Act does not provide such a waiver. *Colonial Pipeline Co. v. Morgan*, 263 S.W. 3d 827, 853 (Tenn. 2008). Song has not cited any legal authority that would support a waiver of sovereign immunity and we have found none. We affirm the dismissal of Song's petition as barred by the doctrine of sovereign immunity.

**B.**

The trial court also construed Song's petition as one seeking access to public records pursuant to Tenn. Code Ann. § 10-7-503. The records sought by Song are the investigative records of DCS concerning the minor victim in Song's criminal case. The trial court ruled that Song had failed to state a claim upon which relief could be granted because the records are confidential under state law.

Tenn. Code Ann. § 37-1-612(a) makes all reports of child sexual abuse confidential. The statute specifically provides:

In order to protect the rights of the child and the child's parents or other persons responsible for the child's welfare, all records concerning reports of child sexual abuse, including files, reports, records, communications and working papers related to investigation or providing services; video tapes; reports made to the abuse registry and to local offices of the department and all records generated as a result of such processes and reports, shall be confidential and exempt from other provisions of law, and shall not be

disclosed, except as specifically authorized by chapter 5, part 5 of this title, the provisions of this part and part 4 of this chapter.

The statute provides access to the following: (a) law enforcement officers investigating child sexual abuse, (b) the district attorney general, (c) grand jurors through power of a subpoena, (d) those engaged in genuine research and audits, (e) probation officers or the like charged with presenting information in judicial or administrative proceedings, and (f) those treating the child. *See State v. Gibson*, 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997). Song does not meet any exception to the rule.

In addition, Tenn. R. Crim. P. 16(a) (2) provides in pertinent part:

(a) Disclosure of Evidence by the State.

(2) *Information Not Subject to Disclosure. . . .* this rule does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by the district attorney general or other state agents or law enforcement officers in connection with investigating or prosecuting the case . . . .

Song has not cited any authority that would allow disclosure to him of the records he requests. We further note that the issue of disclosure of records was ruled upon in Song's direct appeal to the Court of Criminal Appeals. *See State v. Young Bok Son*g, 2005 WL 2978972 at *8. The trial court therefore properly found that Song's request should be dismissed for failure to state a claim.

## V. CONCLUSION

The judgment of the trial court is affirmed and this cause is remanded for collection of costs below. The costs on appeal are assessed against the appellant, Young Bok Song.

_____
JOHN W. McCLARTY, JUDGE