IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

FILED

FOR PUBLICATION

December 7, 1998

Filed: December 7, 1998

Cecil W. Crowson
Appellate Court Clerk

BAPTIST HOSPITAL; EAST )
TENNESSEE CHILDREN'S )
HOSPITAL; ERLANGER MEDICAL )
CENTER; FORT SANDERS )
REGIONAL MEDICAL CENTER; )     Tennessee Claims Commission
HOLSTON VALLEY HOSPITAL AND )
MEDICAL CENTER; JOHNSON CITY )
MEDICAL CENTER HOSPITAL; )
LE BONHEUR CHILDREN'S MEDICAL )
CENTER; MAURY REGIONAL )
HOSPITAL; METHODIST HOSPITALS )
OF MEMPHIS; REGIONAL MEDICAL )
CENTER OF MEMPHIS; SAINT )
MARY'S MEDICAL CENTER; AND )     Hon. W. R. Baker, Commissioner
VANDERBILT UNIVERSITY MEDICAL )
CENTER, )
 )
    PLAINTIFFS/APPELLANTS, )
 )
v. )
 )
TENNESSEE DEPARTMENT OF )
HEALTH, AND TENNESSEE )     No. 01S01-9711-BC-00249
DEPARTMENT OF FINANCE )
AND ADMINISTRATION, )
 )
    DEFENDANTS/APPELLEES. )

FOR CLAIMANT/APPELLANT:

William B. Hubbard
Nashville

Sanford E. Pitler
Elizabeth A. McFall
Seattle, Washington

FOR RESPONDENT/APPELLEE:

John Knox Walkup
Attorney General and Reporter

Sue A. Sheldon
Assistant Attorney General
Nashville

# O P I N I O N

AFFIRMED AS MODIFIED                                    HOLDER, J.

**OPINION**

We granted this appeal to determine whether the Tennessee claims commission has subject matter jurisdiction over the plaintiffs' challenge to certain Medicaid reimbursements paid to them by the State. Upon review, we hold that the Tennessee claims commission lacks subject matter jurisdiction over this case. Because the plaintiffs' challenge is based upon an assertion that a state Medicaid regulation is invalid under federal law, the Tennessee Department of Health was the agency with subject matter jurisdiction over this case pursuant to Tenn. Code Ann. § 4-5-223 of the Uniform Administrative Procedures Act ("UAPA").

**BACKGROUND**

The State entered into "Medical Assistance Participation Agreements (Medicaid - Title XIX Program) for Inpatient and Outpatient Hospital Services" ("provider agreements") with the plaintiffs ("hospitals") for the provision of health care services to Medicaid recipients. Those hospitals participating in the Medicaid program were reimbursed under a prospective payment methodology established in rules of the Department of Health. Hospitals were reimbursed under this system from October 1, 1983, to December 31, 1993.[1]

Under the prospective payment methodology, each hospital was paid a per diem rate for Medicaid patients. There were two primary components to the per diem rate, an "operating component" and a "pass-through component." Each

---

[1]On January 1, 1994, Tennessee instituted the TennCare program, which made substantial changes in the provision of health care services to Medicaid recipients. Under TennCare, health care providers are no longer reimbursed under the prospective payment methodology at issue in this case; providers are now paid by managed care organizations rather than by the State. The plaintiffs' claims in this case are limited to the period prior to the implementation of the TennCare program.

hospital's operating and pass-through components were calculated based upon financial data contained in the hospital's annual "cost report" filed with the State. Effective July 1, 1989, the Department of Health implemented Tenn. Comp. R. & Regs. ch. 1200-13-5-.08 which provided, in pertinent part, that after a Medicaid patient had been a hospital inpatient for twenty (20) days, the hospital's per diem rate would be reduced for each subsequent day (over 20) by reducing the "operating component" to 60%; this rule did not affect the pass-through component of the hospital's per diem rate.

In 1990, Congress passed legislation prohibiting states from imposing day and dollar limits on Medicaid reimbursement for health care provided to infants and children by hospitals serving a disproportionate share of low-income patients with special needs. 42 U.S.C. § 1396(a)(s)(2), (3) ("OBRA '90"). The effective date of this legislation was July 1, 1991.

On August 8, 1995, the hospitals filed a complaint with the claims commission alleging breach of contract. The complaint alleged that the State breached the "reimbursement methodology clause"[2] of the provider agreements. The hospitals argued that the "conflict clause"[3] found in the provider agreements caused OBRA '90 to amend the reimbursement methodology clause. The hospitals argued that the reduced payment provided for under Rule 1200-13-5-.08 for inpatient stays longer than twenty days breached the provider agreements by placing day and dollar limitations on services rendered to Medicaid-covered infants and children in violation of OBRA '90. The hospitals alleged that they are entitled to additional Medicaid reimbursement as a result.

---

[2]The reimbursement methodology clause provided that "this facility: . . . [a]grees to use the same method of reimbursement for Title XIX that is used for Title XVIII, Medicare."

[3]The conflict clause provided: "If any part of this agreement is found to be in conflict with any Federal or State laws or regulations having equal weight of law, or if any part is placed in conflict by amendment of such laws, this agreement is so amended."

The State filed a motion to dismiss arguing, in pertinent part, that the claims commission lacked subject matter jurisdiction. The State contended that the hospitals' claim was a challenge to the validity of a state Medicaid regulation and was not a breach of contract action. The State argued that only the Department of Health may adjudicate cases challenging the validity of a state Medicaid regulation.

The claims commission denied the State's motion to dismiss. The claims commission concluded that the hospitals' claim was for breach of contract and that the claims commission had subject matter jurisdiction over all breach of contract actions against the State. The State sought an interlocutory appeal, which was granted. The Court of Appeals reversed the claims commission holding that the provider agreements did not create a contractual obligation on the State. The appellate court therefore held that the claims commission lacked jurisdiction and dismissed the case.

**ANALYSIS**

The hospitals argue that this Medicaid reimbursement challenge is merely a breach of contract action. The claims commission generally has exclusive subject matter jurisdiction over all monetary claims against the State. Tenn. Code Ann. § 9-8-307. Accordingly, the hospitals argue that the claims commission had subject matter jurisdiction in the case now before us. We disagree.

Federal law mandates that states designate a single state agency for administration of state Medicaid plans. 42 U.S.C. § 1396(a)(5). The Tennessee Department of Health was designated as the single state agency in charge of

4

administering the Medicaid program during the period at issue in this case.[4] Tenn. Code Ann. §§ 71-5-101 et seq.

We have reviewed the hospitals' complaint and the entire record on appeal. The hospitals' case is premised upon the contention that Tenn. Comp. R. & Regs. ch. 1200-13-5-.08 is invalid because the rule violates OBRA '90. Accordingly, the hospitals' claim is properly classified as a challenge to the validity of Rule 1200-13-5-.08.

Claims challenging the validity of or applicability of a statute, rule, or order must be brought pursuant to the UAPA. See Tenn. Code Ann. § 4-5-223(a) ("Any affected person may petition an agency for a declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency") (emphasis added). The Department of Health is an "agency" under the UAPA. Rule 1200-13-5-.08 is a Department of Health rule. Moreover, the Department of Health was the single state agency in charge of administering the Medicaid program during the period in question. Accordingly, the hospitals' challenge to the validity of Rule 1200-13-5-.08 should have been brought before the Department of Health pursuant to the UAPA.

## CONCLUSION

The hospitals' claim was based upon the invalidation of a state Medicaid regulation. We hold that the claims commission lacks subject matter jurisdiction to rule upon the validity of a state Medicaid regulation. Pursuant to the authorities cited above, the Department of Health was the agency with subject matter jurisdiction over the hospitals' claim.

---

[4]As of January 1995, the Department of Finance & Administration was substituted for the Department of Health as the single state agency.

The decision of the appellate court is affirmed as modified, and the hospitals' complaint is dismissed. Costs of this appeal shall be taxed against the plaintiff hospitals, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

**Panel:**

Anderson, C.J.
Birch and Barker, JJ.

Drowota, J., Not Participating