# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 17, 2002 Session

## ROY R. FERGUSON v. STATE OF TENNESSEE

**Appeal from the Claims Commission of the State of Tennessee**
**No. 96001513      W.R. Baker, Commissioner**

**FILED MAY 21, 2002**

**No. E-2001-02158-COA-R3-CV**

Roy R. Ferguson ("Plaintiff") filed suit in the Claims Commission against the State of Tennessee ("Defendant") after he was denied tenure at Roane State Community College ("Roane State"). Plaintiff claimed Defendant, by and through its agents, failed to follow its policies and procedures, thereby violating the implied covenant of good faith and fair dealing in his employment contract. Defendant filed a motion to dismiss alleging, inter alia, the covenant of good faith and fair dealing could not form the basis of a breach of contract claim against the State because it was not in writing. Defendant also argued the Claims Commission ("Commission") lacked subject matter jurisdiction over the claim. The Commission concluded it did not have jurisdiction over Plaintiff's claim because the implied covenant of good faith and fair dealing was not written. The Commission further concluded Plaintiff's claim should have been brought pursuant to the provisions of the Uniform Administrative Procedures Act and not in the Claims Commission, and dismissed the complaint for lack of subject matter jurisdiction. We affirm, as modified.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Claims**
**Commission Affirmed, as Modified; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Samuel W. Brown, Knoxville, Tennessee, for the Appellant Roy R. Ferguson.

Eugenie B. Whitsell, Senior Counsel, and Elizabeth Martin, Senior Counsel, Nashville, Tennessee, for the Appellee State of Tennessee.

**OPINION**

## Background

Plaintiff filed a complaint against Defendant in the Claims Commission for the State of Tennessee alleging breach of contract. Plaintiff began working at Roane State in 1989 as an Assistant Professor/Program Director. According to the complaint, this position was a tenure-track position subject to annual renewal for a maximum probationary period of seven years. Plaintiff remained employed as an Assistant Professor until 1994. Plaintiff claims he was rejected for tenure in 1994, despite his professional accomplishments and advancements. The denial of tenure purportedly was based on poor evaluations which Plaintiff claims were "inaccurate, erroneous, undocumented, and not supported by substantial evidence." Plaintiff asserted Roane State's agents consistently violated Roane State's own policies and procedures as well as those of the Board of Regents during the process of denying him tenure. Plaintiff's request for tenure was denied by the Tenure and Promotion Committee, and Plaintiff apparently utilized the internal appeal process. Plaintiff alleges proper procedures were not followed during that internal appeal process either. Plaintiff claims that by violating its own policies and procedures and those of the Board of Regents, Roane State breached the implied covenant of good faith and fair dealing contained within Plaintiff's employment contract.

Plaintiff's employment contract with Roane State set forth Plaintiff's title and annual salary. As relevant to this appeal, the contract also provided as follows:

1.  This appointment is made subject to the laws of the State of Tennessee, the requirements and policies of the State Board of Regents, and the requirements and policies of this institution. Any renewal of this appointment will be subject to all laws, requirements and policies in effect at the time of renewal.

\* \* \* \*

5.  This appointment is a tenure-track appointment, which is for faculty employed in a probationary period of employment. A tenure-track appointment does not include any right to permanent or continuous employment or any interest in or expectancy of renewal of the appointment. This appointment is on an annual basis only, subject to renewal by this institution, and annual approval by the State Board of Regents, for a maximum probationary period of seven years. The minimum requirements and conditions for the award of tenure by the State Board of Regents upon completion of that probationary period are set forth in the policy on academic

-2-

freedom, responsibility and tenure adopted June 25, 1976, by the Board, which policy is incorporated by reference as if fully set forth herein. Requirements and conditions for the recommendation of tenure by this institution are set forth in the policies of the institution. Tenure may only be awarded by positive action by the State Board of Regents.

Defendant filed a motion to dismiss claiming: (1) the State cannot be sued for breach of an implied covenant because a claim for breach of contract against the State must be based on a written contract; (2) Plaintiff essentially was asking the Commission to review the decision not to award him tenure, a review outside the jurisdiction of the Commission; and (3) Plaintiff suffered no damages because his last contract was for a period of one year and that contract was honored. Plaintiff obviously opposed this motion.

A hearing was held on Defendant's motion to dismiss. In ruling on the motion, the Commissioner quoted a portion of the argument of Plaintiff's counsel during the hearing, which is as follows:

What we believe we can show, however, is that there was such an overwhelming one-sided departure from even the minimum standards for tenure and such a blatant disregard of these tenure standards and the policies and procedures that are set forth in the Roane State material itself, that the [Plaintiff was] denied a meaningful consideration for tenure … a violation of the covenant of good faith and fair dealings …. Roane State, by and through its agents, parted so far from the tenure guidelines and the policies and procedures incorporated in the contract that they did not, in fact, give … meaningful consideration for tenure.…

The Commissioner observed that prior to 1987, the Commission had jurisdiction to hear claims based upon breach of a written or implied contract, but a 1987 amendment narrowed the jurisdiction to claims founded on an "express contract." A 1989 amendment narrowed the jurisdiction to claims based on a "written contract." The legislature, therefore, "took away" the Commission's jurisdiction to hear claims based upon an implied contract. Since the covenant of good faith and fair dealing was implied and not written, the Commissioner concluded the Commission did not have jurisdiction. The Commissioner also concluded it was:

the intention of the legislature that this Commission not hear claims for breach of contract when formal consideration of [Plaintiff's] rights admittedly has been given and the issue is whether meaningful consideration has been given in terms of Board of Regents' policies; this kind of issue in Tennessee is to be heard in a different forum, in

"contested case" hearings under the Uniform Administrative Procedures Act.

The Commissioner granted Defendant's motion to dismiss. Plaintiff appeals, arguing the implied covenant of good faith and fair dealing is part of his written contract, and the Commission does have jurisdiction over Plaintiff's breach of contract claim.

## Discussion

A motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of the petitioner's proof. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). The basis of such a motion is that the allegations contained within the complaint, considered alone and taken as true, are insufficient to constitute a cause of action. *Id.* On appeal, we are required to construe the complaint liberally in Plaintiff's favor and take the allegations of the complaint as true. *Bell v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). Our standard of review on appeal from a ruling on a motion to dismiss is *de novo*, with no presumption of correctness as to the Commission's legal conclusions. *See, e.g., Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

We believe the Commission erred when it concluded an implied covenant of good faith and fair dealing cannot be enforced against the State because it is not in writing. In Tennessee, each party to a contract bears a duty of good faith and fair dealing in its performance and enforcement of the contract. *See Davidson & Jones Development Co. v. Elmore Development Co.*, 921 F.3d 1343, 1350 (6th Cir. 1991)(citing *TSC Industries, Inc. v. Tomlin*, 743 S.W.2d 169, 173 (Tenn. Ct. App. 1987); *Covington v. Robinson*, 723 S.W.2d 643 (Tenn. Ct. App. 1986)). While a breach of contract claim against the State must be based on a written contract, we hold the implied covenant of good faith and fair dealing, while not itself in writing, is a part of the written contract. The contract sued upon, therefore, is a written contract and not an implied contract. We hold the Commission erred when it concluded the covenant of good faith and fair dealing cannot be enforced against the State because it is not part of a written contract.

Next, we discuss the Commission's conclusion that Plaintiff's claim should have been brought pursuant to the provisions of the Uniform Administrative Procedures Act ("UAPA"), as opposed to being filed in the Claims Commission. We agree with the Commission that Plaintiff should have proceeded according to the terms of the UAPA and the Claims Commission lacked jurisdiction over the claim for that reason.

In the State University and Community College System, the Board of Regents is granted authority to promulgate policies addressing the granting of tenure. Specifically, Tenn. Code Ann. § 49-8-301 provides:

-4-

**49-8-301. Authority of board**. – (a)  The board of regents shall promulgate a tenure policy or policies for faculty at institutions within the state university and community college system, which policy or policies shall ensure academic freedom and provide sufficient professional security to attract the best qualified faculty available for the institutions.

(b)  Pursuant to this part, the board shall:

(1)  Define the nature of tenure at institutions, and the rights and responsibilities of faculty with tenure;

(2)  Determine the minimum qualifications and requirements for eligibility of faculty for tenure, and the conditions precedent to the award of tenure by the board;

(3)  Provide for the termination of faculty with tenure by institutions for adequate cause, for retirement or disability, and for financial reasons or curricular reasons in an institution in the discretion of the board or its designee; and

(4)  Provide for all other matters relating to tenure deemed necessary by the board.

(c)(1)  Tenure shall only be acquired by a faculty member in an institution upon positive approval by the board, and no other type of tenure or right similar thereto shall be acquired by a faculty member.

(2)  Faculty with tenure shall be subject to all reasonable changes in the tenure policy adopted by the board; provided, that faculty who have previously been awarded tenure shall retain their tenured status under any new policy.  Present faculty in probationary employment shall be given credit for service in an institution toward completion of any new probationary period.

The Uniform Administrative Procedures Act is codified at Tenn. Code Ann. § 4-5-101, *et seq*., and defines an "agency" as "each state board, commission, committee, department, officer, or any other unit of state government authorized or required by any statute or constitutional provision to make rules or to determine contested cases."  Tenn. Code Ann § 4-5-102(2).  A "contested case" is defined to include a "proceeding, including a declaratory proceeding, in which the legal rights, duties, or privileges of a party are required by any statute or constitutional provision

to be determined by an agency after an opportunity for a hearing.… " Tenn. Code Ann. § 4-5-102(3).

In *State Board of Regents v. Gray*, 561 S.W.2d 140, 142-43 (Tenn. 1978), our Supreme Court held the Board of Regents was an "agency" as defined in the UAPA. The question then becomes whether Plaintiff's claim for denial of tenure is a "contested case" within the meaning of the UAPA. In *Dishmon v. Shelby State Community College*, 15 S.W.3d 477 (Tenn. Ct. App. 1999), the plaintiff, Mr. Dishmon, sued seeking back pay after he was terminated and then subsequently reinstated three years later. The trial court awarded back pay, and the defendant appealed. On appeal, this Court stated:

> Mr. Dishmon's petition sought judicial review under the Tennessee Uniform Administrative Procedures Act. The Act, however, is inapplicable to proceedings that do not fit within its adjudicatory definitions. *See National Health Corp. v. Snodgrass*, 555 S.W.2d 403, 405-06 (Tenn. 1977); *Mid-South Indoor Horse Racing, Inc. v. Tennessee State Racing Comm'n*, 798 S.W.2d 531, 536 (Tenn. Ct. App. 1990). Judicial review under the Act is limited to final decisions in contested cases. *See* Tenn. Code Ann. § 4-5-322(a)(1) (1998); Ben H. Cantrell, *Judicial Review under the Tennessee Uniform Administrative Procedures Act--An Update*, 13 Mem. St. U. L. Rev. 589, 595 (1983). Thus, judicial review under Tenn. Code Ann. § 4-5-322 is not available if the proceeding to be reviewed is not a contested case. *See Mid-South Indoor Horse Racing, Inc. v. Tennessee State Racing Comm'n*, 798 S.W.2d at 536.
>
> According to Tenn. Code Ann. § 4-5-102(3) (1998), a "contested case" is a proceeding in which the legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency after an opportunity for a hearing. To determine whether any particular dispute is a contested case under the Uniform Administrative Procedures Act, we must examine the applicable statutes and constitutional provisions to see if any of them provide that a complainant's rights must only be determined after an opportunity for a hearing. *See* William P. Kratzke, *A Review of Contested Case Provisions of the Tennessee Uniform Administrative Procedures Act*, 13 Mem. St. U. L. Rev. 551, 554 (1983). We have found no provision in the United States Constitution, the Constitution of Tennessee, or the applicable statutes that requires Shelby State to provide its deans with a hearing in employment disputes.

*Dishmon*, 15 S.W.3d at 480, 481. Because the plaintiff's claim in *Dishmon* was not a "contested case" within the meaning of the UAPA, this Court concluded the plaintiff should have pursued his lawsuit as a breach of contract claim with the Tennessee Claims Commission. Since the plaintiff was seeking judicial review of his claim for back pay pursuant to the UAPA, the courts lacked subject matter jurisdiction and his claim was dismissed.

Based on *Dishmon*, we must determine if "the legal rights, duties or privileges of [Plaintiff … were] required by any statute or constitutional provision to be determined by an agency after an opportunity for a hearing." *Dishmon*, 15 S.W.3d at 481. If so, Plaintiff's claim is a "contested case." *See* Tenn. Code Ann. § 4-5-102(3). The answer to this question can be found in *Purisch v. Tennessee Technological University*, 76 F.3d 1414 (6th Cir. 1996). In *Purisch*, the plaintiff sued after being denied tenure. One of the various claims asserted by the plaintiff in that case was brought pursuant to 42 U.S.C. §1983, and was based on alleged lack of due process under the Fourteenth Amendment to the United States Constitution. The university's policies provided a tenure-track faculty member *must* be considered for tenure during the fifth year of residency, and a recommendation *shall* be based on the faculty member's performance. In affirming the grant of summary judgment to the defendant on this claim, the United States Court of Appeal for the Sixth Circuit held that Tennessee Technological University had developed "rules and fostered mutual understandings regarding entitlement to a merit-based tenure review.… Consequently, the university may not deny a candidate tenure without some degree of impartial inquiry into his or her qualifications." 76 F.3d at 1423. The Sixth Circuit went on to observe as follows:

> Violation of a state's formal procedure, however, does not in and of itself implicate constitutional due process concerns. *See Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.) ("A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."), *cert. denied*, – U.S. –, 113 S. Ct. 3001, 125 L. Ed. 2d 694 (1993). In other words, the issue before us is not whether Volpe and Quattlebaum conformed to Tennessee Tech's official grievance procedure in reviewing the tenure decision. Rather, the issue is whether Purisch was afforded the process due to protect his property right to a fair tenure review process.

*Purisch*, 75 F.3d at 1423. The Sixth Circuit then noted the "root requirement" of due process is an opportunity for a hearing, and the plaintiff in that case had received due process. *Id*. at 1423-24.

In the present case, Plaintiff alleges Defendant acted arbitrarily, capriciously, and unlawfully "by failing to entertain [Plaintiff's] tenure and promotion bid fairly and in good faith, and in a manner consistent with the policies and procedures of the State Board of Regents and/or Roane

State."[1] Unfortunately, we have not been provided a copy of the policies and procedures of Roane State or the Board of Regents which Plaintiff claims were not followed. Likewise, we have not been provided a copy of the transcript of the hearing on Defendant's motion to dismiss. The Commissioner held this was a contested case and, by implication, that Plaintiff was entitled to an opportunity for a hearing during the tenure process. Plaintiff had the responsibility to provide this Court with a record sufficient to enable us to determine if the policies and procedures which he claims were violated entitled him to a due process hearing consistent with *Purisch*. Plaintiff had the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997). In the absence of an adequate record on appeal, this Court will presume the Commission's rulings were supported by sufficient evidence. *See, e.g., State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). In light of the foregoing, we affirm the Commissioner's conclusion that Plaintiff's claim was a "contested case" for purposes of the UAPA, Tenn. Code Ann. § 4-5-102(3).[2]

Plaintiff challenges the alleged failure of Roane State to follow the proper policies and procedures during the course of his denial of tenure. We acknowledge the Claims Commission is the proper forum for a claim against the State based upon breach of a written contract executed by one or more State officers with authority to execute the contract. Tenn. Code Ann. § 9-8-307(a)(1)(L). We do not believe Plaintiff's characterization of his claim as a breach of contract somehow alters the true nature of this case thereby negating the UAPA and vesting the Claims Commission with subject matter jurisdiction. *See*, *e.g.*, *Baptist Hospital v. Tennessee Department of Health*, 982 S.W.2d 339, 340-41 (Tenn. 1998) ("The hospitals argue that this Medicaid reimbursement challenge is merely a breach of contract action. The claims commission generally has exclusive subject matter jurisdiction over all monetary claims against the State. Tenn. Code Ann. § 9-8-307. Accordingly, the hospitals argue that the claims commission had subject matter jurisdiction in the case now before us. We disagree.… We have reviewed the hospitals' complaint and the entire record on appeal. The hospitals' case is premised upon the contention that Tenn. Comp. R. & Regs. ch. 1200-13-5-.08 is invalid because the rule violates OBRA '90. Accordingly, the hospitals' claim is properly classified as a challenge to the validity of Rule 1200-13-5-.08. Claims challenging the validity of or applicability of a statute, rule, or order must be brought pursuant to the UAPA."). Since Plaintiff's claim is a "contested case", Plaintiff should have pursued his claim pursuant to the provisions of the UAPA despite Plaintiff's characterization of his claim as a breach of contract.

---

[1] Plaintiff does not assert a claim that his due process rights were violated.

[2] There are due process and statutory procedural requirements found in Tenn. Code Ann. § 49-8-303, but this statute only applies to certain actions against tenured employees. Because Plaintiff was not tenured, the procedural requirements found in this statute do not apply.

We hold the proper avenue of relief for Plaintiff to pursue his "contested case" was through the provisions of the UAPA. We, therefore, affirm the judgment of the Claims Commission dismissing the complaint on the basis the Commission was without subject matter jurisdiction.

### Conclusion

The judgment of the Claims Commission is affirmed, as modified, and this cause is remanded to the Commission for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant, Roy R. Ferguson, and his surety.

_____

D. MICHAEL SWINEY, JUDGE