IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2002 Session

## JAMES R. CONE, deceased, by next friend TIM CONE v. STATE OF TENNESSEE

**Appeal from the Claims Commission of the State of Tennessee
No. 20001588      W.R. Baker, Commissioner**

—————————

**No. M2001-02242-COA-R3-CV - Filed August 13, 2002**

—————————

After his father was killed while crossing railroad tracks located in Sumner County, Tim Cone ("Plaintiff"), as next friend and on behalf of his father James R. Cone, sued the State of Tennessee ("Defendant") in the Claims Commission. Plaintiff claimed Defendant exercised control over the railroad crossing and was responsible for the dangerous condition at that crossing. Plaintiff also claimed Defendant negligently deprived James R. Cone of certain statutory rights. The Claims Commission granted Defendant's motion to dismiss for failure to state a claim upon which relief could be granted holding it did not have jurisdiction over Plaintiff's three claims. Plaintiff appeals. We affirm in part, reverse in part, and remand this case to the Claims Commission.

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims
Commission Affirmed in Part and Reversed in Part; Case Remanded.**

Pamela R. O'Dwyer and Randall D. Larramore, Chattanooga, Tennessee, and Joseph K. Dughman, Nashville, Tennessee, for the Appellant James R. Cone, deceased, by next friend Tim Cone.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Michael B. Leftwich, Assistant Attorney General, Nashville, Tennessee, for the Appellee State of Tennessee.

# OPINION

## Background

On April 16, 1999, James R. Cone ("Cone") was driving northbound on Harris Lane at its intersection with railroad crossing No. 343797D, located approximately .2 miles north of state highway 31F in Sumner County. As Cone crossed the railroad tracks, his car was hit by a train, resulting in his death. Two lawsuits were filed by Tim Cone, as next friend and on behalf of his deceased father. One lawsuit was filed in the Circuit Court for Sumner County. The defendants in that suit were Sumner County and the owner and operator of the train, CSX Transportation, Inc. In that lawsuit, Plaintiff alleged, *inter alia*, that Sumner County owned, operated, maintained, and controlled the road on which Plaintiff was driving at the time of the accident.

The second lawsuit was filed against the State of Tennessee ("Defendant") in the Claims Commission. It is this second lawsuit now before us on appeal. In the Amended Complaint filed against the State, Plaintiff alleged the crossing where the fatal accident occurred was a "highway" under both federal and state law. Plaintiff further claimed the State exercised control over the highway "by the decision regarding, and provision of funding for, safety devices for said crossing," and the State, therefore, was liable for its negligence pursuant to Tenn. Code Ann. §§ 9-8-307(a)(1)(C) and (a)(1)(J). Plaintiff also claimed a violation of various federal statutes and regulations pertaining to the safety of railroad crossings and the adequacy of warnings. According to Plaintiff, since the State was a recipient of federal funds under the Federal Railway-Highway Crossings Program, 23 U.S.C. § 130, Tenn. Code Ann. § 4-3-2303 required the Commissioner of Transportation to comply with these federal laws, and the failure of the State to do so violated the statutory requirements of Tenn. Code Ann. § 4-3-2303.

There are three statutory provisions which Plaintiff maintains both provide a cause of action for the claims asserted in the Amended Complaint and confer jurisdiction on the Claims Commission. These statutory provisions are Tenn. Code Ann. §§ 9-8-307(a)(1)(C), (a)(1)(J), and (a)(1)(N), which provide, in relevant part, as follows:

> 9-8-307.… (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as defined in § 8-42-101(3), falling within one (1) or more of the following categories:
>
> * * *
>
> (C) Negligently created or maintained dangerous conditions on state controlled real property. The claimant under this subsection must establish the foreseeability of the risks and notice given to the proper state officials at a time

-2-

sufficiently prior to the injury for the state to have taken appropriate measures;

* * *

(J) Dangerous conditions on state maintained highways. The claimant under this subsection must establish the foreseeability of the risk and notice given to the proper state officials at a time sufficiently prior to the injury for the state to have taken appropriate measures;

* * *

(N) Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision that the general assembly *expressly* conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions; …. (emphasis added).

The State filed a motion to dismiss arguing Plaintiff failed to state a claim upon which relief could be granted and the Claims Commission did not have jurisdiction over Plaintiff's claims. According to the State, the road upon which the fatal accident happened was a county road which the State did not maintain or exercise control over and, therefore, neither Tenn. Code Ann. §§ 9-8-307(a)(1)(C) nor (a)(1)(J) applied. The State further argued that Tenn. Code Ann. §4-3-2303 did not expressly provide for a private right of action, and thus Tenn. Code Ann. § 9-8-307(a)(1)(N) neither created a cause of action nor conferred jurisdiction on the Claims Commission.

The Claims Commission granted the State's Motion to Dismiss. In doing so, the Commissioner concluded the site where the accident occurred was not on state controlled real property or a state maintained highway and, therefore, neither Tenn. Code Ann. §§ 9-8-307(a)(1)(C) nor (a)(1)(J) applied. The Commissioner also concluded Tenn. Code Ann. 4-3-2303 created no express private right of action and as such Tenn. Code Ann. § 9-8-307(a)(1)(N) was not applicable either. Based on the foregoing, the Commissioner concluded Plaintiff failed to state a claim upon which relief could be granted and the Claims Commission lacked subject matter jurisdiction. Plaintiffs claims were dismissed. Plaintiff appeals, claiming the Amended Complaint states a claim upon which relief can be granted pursuant to Tenn. Code Ann. §§ 9-8-307(a)(1)(C), (a)(1)(J), and (a)(1)(N).

## Discussion

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). In *Stein*, our Supreme Court explained:

> A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook*, *supra*.

As set forth above, Tenn. Code Ann. § 9-8-307(a)(1)(C) vests the Claims Commission with jurisdiction for monetary claims arising from negligently created or maintained dangerous conditions "on state controlled real property." In the Amended Complaint, Plaintiff specifically alleges the State *exercised control* over the highway "by the decision regarding, and provision of funding for, safety devices for said crossing." In considering the motion to dismiss, the Claims Commission was required to construe the Amended Complaint liberally in favor of Plaintiff, taking all allegations of fact as true.[1] Taking the factual allegations contained within the Amended Complaint as true, we cannot say that Plaintiff can prove no set of facts that would entitle him to relief. Therefore, we believe Plaintiff adequately states a claim upon which relief can be granted pursuant to Tenn. Code Ann. § 9-8-307(a)(1)(C). In reaching this conclusion, we express no opinion on whether or not the State engaged in any negligent conduct or whether or not the real property actually was "controlled" by the state. We hold only that the Amended Complaint sufficiently states a cause of action for purposes of withstanding a Rule 12 motion to dismiss and the Claims Commission was in error when it dismissed this claim for failure to state a claim upon which relief could be granted.

---

[1] The State submitted an Affidavit in support of its motion to dismiss. It does not appear the Claims Commission relied on the contents of this Affidavit when ruling on the motion to dismiss. The conclusions we reach today would not be affected regardless of whether we treated the State's motion as a motion to dismiss or a motion for summary judgment.

Plaintiff, however, alleged few, if any, facts in support of his claim in the Amended Complaint that the State "maintained" the highway at issue. After taking the factual allegations in the Amended Complaint as true, the Claims Commission properly concluded Plaintiff failed to state a claim upon which relief could be granted for a violation of Tenn. Code. Ann. § 9-8-307(a)(1)(J), and we affirm the Claims Commission's ruling in this regard.

The third and final issue on appeal is whether Plaintiff failed to state a claim upon which relief could be granted pursuant to Tenn. Code Ann. § 9-8-307(a)(1)(N), which provides a cause of action for negligent deprivation of state statutory rights. Plaintiff must prove the Tennessee "general assembly expressly conferred a private right of action in favor of the claimant against the state …." Plaintiff claims a violation of Tenn. Code Ann. § 4-3-2303 which, among other things, places a duty on the Commissioner of Transportation to "[a]pply for and accept on behalf of the state any grant from the federal government to be used for any of the purposes of the department, and to comply with any conditions and limitations annexed …." According to Plaintiff, this state statute placed an affirmative duty on the State to comply with numerous federal statutes and regulations since the State received funds pursuant to the federal Railway-Highway Crossings Program.

We have reviewed Tenn. Code Ann. § 4-3-2303 and can find no language in that statute where the general assembly "expressly" conferred a private right of action for a violation of that statute's provisions, nor has Plaintiff pointed us to any such language. *See Madkins v. State*, No. W2001-03002-COA-R3-CV, 2002 Tenn. App. LEXIS 387 at *6 (Tenn. Ct. App. May 29, 2002)(No Rule 11 app. for perm. to appeal filed)("For every statutory right allegedly violated by the State, [Plaintiff] must reference explicit statutory language that would grant him the private right of action to enforce the statute."); *Taylor v. State*, No. W2000-01467-COA-MR3-CV, 2001 Tenn. App. LEXIS 568 at *5, *6 (Tenn. Ct. App. July 31, 2001)(Rule 11 app. for perm. to appeal denied December 14, 2001)("In order for the Claims Commission to have jurisdiction over [Plaintiff's] action for negligent deprivation of statutory rights, there must be express language indicating that the legislature intended to create a private right of action. Consequently, … [Plaintiff] must point to specific statutory language conferring upon him a private right of action to enforce the statute."). Accordingly, we affirm the Claims Commission's ruling dismissing Plaintiff's claim brought pursuant to Tenn. Code Ann. § 9-8-307(a)(1)(N) for the alleged negligent deprivation of statutory rights set forth in Tenn. Code Ann. § 4-3-2303.

**Conclusion**

The judgment of the Claims Commission dismissing Plaintiff's claims pursuant to Tenn. Code Ann. §§ 9-8-307(a)(1)(J) and (a)(1)(N) is affirmed. The judgment of the Claims Commission dismissing Plaintiff's claim pursuant to Tenn. Code Ann. § 9-8-307(a)(1)(C) is

reversed. This cause is remanded to the Claims Commission for further proceedings consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed one-half against the Appellant James R. Cone, deceased, by next friend Tim Cone, and his surety, and one-half against the Appellee State of Tennessee.

_____

D. MICHAEL SWINEY, JUDGE