IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 7, 2003 Session

## WANDA HOBSON v. THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE

Direct Appeal from the Circuit Court for Davidson County
No. 02C-1052     Barbara Haynes, Judge

No. M2002-02512-COA-R3-CV - Filed September 8, 2003

Plaintiff initiated this action alleging breach of contract, interference with contractual relations, and pursuant to the Governmental Tort Liability Act. The trial court dismissed the action for failure to state a claim. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Michael H. Sneed, Nashville, Tennessee, for the appellant, Wanda Hobson.

Ann O'Connell, Kellie Haas and John L. Kennedy, Nashville, Tennessee, for the appellee, The Metropolitan Government of Nashville and Davidson County, Tennessee.

**OPINION**

Wanda Hobson (Ms. Hobson) received compensation benefits for injuries sustained during the course and scope of her employment with the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro"). As a result of her injuries, Ms. Hobson was unable to work a second customary summer job. She requested compensation from Metro for the loss of these wages. Metro denied this request. Ms. Hobson filed a lawsuit alleging she is entitled to recover the lost income from Metro. In her complaint, she alleges Metro is liable for breach of contract, interference with contractual relations, and pursuant to the Governmental Tort Liability Act. Metro moved for dismissal based on the failure to state a claim for which relief can be granted. The trial court granted Metro's motion to dismiss. Ms. Hobson now appeals to this Court.

*Issues Presented*

Ms. Hobson presents the following issues for our review:

(1)     Whether the trial court erred in dismissing her complaint for failure to state a claim.

(2)     Whether the complaint is bared by the provisions of the Governmental Tort Liability Act.

*Standard of Review*

A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint itself. *Cook v. Spinnakers of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn.1994). The premise for such a motion is that the allegations of the complaint, if considered true, are not sufficient to constitute a cause of action as a matter of law. *Id.* A motion to dismiss should only be granted if "it appears that the plaintiff can establish no facts supporting the claim that would warrant relief." *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn.1999). Accordingly, we review a trial court's award of a motion to dismiss *de novo*, with no presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997).

*Discussion*

In her complaint, Ms. Hobson alleges Metro is liable for breach of contract, interference with contractual relations, and for personal injuries pursuant to the Government Tort Liability Act ("GTLA"). We first address Ms. Hobson's breach of contract cause of action. Ms. Hobson does not dispute that she had no written contract with Metro. Rather, Ms. Hobson contends the fact of her employment gives rise to an implied contract. She further contends that a term of this implied contract is that she would be provided with a safe and suitable place to work. Ms. Hobson alleges that she was injured by a dangerous or defective condition of a structure owned or maintained by Metro, and that Metro accordingly breached the implied contract by not providing her a safe place to work.

Generally, contract actions do not fall within the province of the GTLA. *Simpson v. Sumner County*, 669 S.W.2d 657, 569-60 (Tenn. Ct. App. 1983). However, Ms. Hobson's argument, as we perceive it, is that Metro breached an *implied* contract by virtue of its negligence. She accordingly brings this claim for breach of an implied term of an implied contract of employment.

There is, in the course of human relations, an implied contract that one will not act negligently toward another. Accordingly, should one's conduct fall below the standard of care of a reasonably prudent person in the same or similar circumstances, and should that conduct proximately cause injury to another, one will be liable for those injuries. Greatly oversimplified, but succinctly stated, the social contract contains a term prohibiting negligent conduct. The cause of

action arising from a breach of this term sounds in tort. Ms. Hobson's breach of contract claim is, in essence, a tort action against Metro. We therefore review it according to the GTLA.[1]

The GTLA provides:

(a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
     (b) Immunity is not removed for latent defective conditions, nor shall this section apply *unless constructive and/or actual notice to the governmental entity of such condition be alleged* and proved in addition to the procedural notice required by § 29-20-302 [repealed].

Tenn. Code Ann. § 29-20-204 (2000)(emphasis added).

In her complaint, Ms. Hobson alleges her injury was caused by the dangerous or defective condition of a structure owned and maintained by Metro. Even if we consider this allegation as true, Ms. Hobson fails to allege in her complaint that Metro had actual or constructive notice of the dangerous or defective condition at the time of her injury. We accordingly affirm dismissal of this issue.

We next address Ms. Hobson's argument that Metro is liable for damages arising from interference with contractual relations. Ms. Hobson's argument, as we understand it, is that Metro's negligence caused injuries which have prevented her from working her customary summer job, and that Metro therefore has interfered with her contractual relations with her summer employer. This argument must fail for two reasons. First, the injury complained of, the loss of summer employment, was caused by personal injuries resulting from the alleged dangerous or defective structure. The root cause of the injury, therefore, is the dangerous structure. As noted in the previous paragraph, her claim based on the dangerous or defective structure must fail under the GTLA for lack of an allegation of notice. Second, the claim must fail even assuming Ms. Hobson is alleging such injury based on a negligent act or omission of an employee. The GTLA provides:

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:

. . . .

---

[1]Metro is a "governmental entity" under the provisions of the GTLA. Tenn. Code Ann. § 29-2-102. It is therefore immune from claims except as permitted by GTLA. *See, e.g., Lake County v. Truett*, 758 S.W.2d 529, 537 (Tenn. Ct. App. 1988)(holding: as a matter of law, Reelfoot Regional Planning Commission immune from liability as "governmental entity" pursuant to GTLA).

(2) . . . interference with contract rights[.]

Tenn. Code Ann. § 29-20-205 (2000). Thus the GTLA specifically does not remove immunity of governmental entities for the tort of interference with contract rights. We accordingly affirm dismissal of this claim.

In light of the forgoing, judgment of the trial court dismissing Ms. Hobson's action is affirmed. Costs of this appeal are taxed to the appellant, Wanda Hobson, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE