869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
R. John CROSS, Plaintiff-Appellant,
v.
Richard WINNINGHAM; John Taylor, Judge, City of
Chattanooga, Defendants- Appellees.
 No. 88-6120.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1989.
 
 1
 Before RALPH B. GUY Jr. and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 John Cross, a pro se Tennessee resident, requests the appointment of counsel and appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Cross was found guilty of public drunkenness, disorderly conduct, and resisting arrest. Defendant Winningham, while sitting as a Special City Judge in the absence of defendant Judge Taylor, sentenced Cross to six months imprisonment in the county workhouse. Seeking monetary relief, plaintiff filed this suit alleging that his constitutional rights were violated when Winningham illegally sentenced him. Cross alleged that the six months imposed exceeded the maximum penalties allowed under Tennessee law. The district court granted defendants' motion and dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) finding that Winningham was absolutely immune from suit, and Taylor had no personal involvement with plaintiff's case.
 
 
 4
 Upon review, we affirm the district court's judgment. Winningham's decision to sentence plaintiff to the workhouse was clearly a judicial function to which absolute immunity attached. See Forrester v. White, 108 S.Ct. 538, 542-44 (1988). This is so even if the sentence imposed was in excess of that allowed under Tennessee law. See Stump v. Sparkman, 435 U.S. 349, 356-59 (1978). Since disposition of the misdemeanor charges was within the subject matter jurisdiction of the City Court, and there is no allegation that Winningham acted in the absence of all jurisdiction, Winningham is absolutely immune from a suit for money damages. See King v. Love, 766 F.2d 962, 965-66 (6th Cir.), cert. denied, 474 U.S. 971 (1985). We further conclude that Cross likewise failed to state a claim against defendant Taylor as there is no allegation that Taylor was personally involved in plaintiff's case.
 
 
 5
 Finally, we deny defendants' motion for sanctions under Fed.R.App.P. 38. Although plaintiff's claim for damages has no merit, there is no evidence that he acted in bad faith. He appears to sincerely believe that he was given too much time to serve on these misdemeanor charges. That determination should, however, be made via a 28 U.S.C. Sec. 2254 petition for writ of habeas corpus.
 
 
 6
 Accordingly, the request for counsel is denied; defendants motion for sanctions is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation