IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 6, 2004 Session


BASIL MARCEAUX v. THE CITIZEN DAVID NORTON

Appeal from the Chancery Court for Hamilton County
No. 03-0368     W. Frank Brown, III, Chancellor

FILED FEBRUARY 19, 2004

No. E2003-02199-COA-R3-CV

---

Basil Marceaux ("Plaintiff") filed this lawsuit against "The Citizen David Norton." David Norton ("Defendant") is the Soddy Daisy City Court Judge. Plaintiff brought this lawsuit because Defendant had found him guilty of violating the Tennessee Financial Responsibility Law and imposed a fine. Plaintiff claims these actions by Defendant violated his federal constitutional rights. The Trial Court dismissed Plaintiff's complaint after concluding, *inter alia*, that Defendant was judicially immune. Plaintiff appeals, and we affirm.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Chancery Court Affirmed; Case Remanded.**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and WILLIAM H. INMAN, SR. J., joined.


Basil Marceaux, *pro se* Appellant.


Ronald D. Wells and Stacy Lynn Archer, Chattanooga, Tennessee, for the Appellee David Norton.

# MEMORANDUM OPINION[1]

## Background

Plaintiff was issued a citation by the Soddy Daisy Police Department for violating the Tennessee Financial Responsibility Law, Tenn. Code Ann. § 55-12-101 *et seq.* On February 18, 2003, the matter was heard in the Soddy Daisy City Court, Judge David Norton presiding. Plaintiff was found guilty and fined $100 plus court costs.

On March 31, 2003, Plaintiff, proceeding *pro se*, filed this lawsuit in the Hamilton County Chancery Court. Plaintiff brought suit against "The Citizen David Norton." It is extremely difficult to decipher Plaintiff's various claims against Defendant. It is clear, however, that Plaintiff claims Defendant violated several of his federal constitutional rights based solely on Defendant's finding him guilty of violating the Tennessee Financial Responsibility Law and imposing a fine.[2]

Defendant filed a motion to dismiss arguing the Trial Court lacked subject matter jurisdiction over Plaintiff's claims. Defendant also maintained that he was immune from suit under the doctrine of judicial immunity. The Trial Court granted Defendant's motion to dismiss. Plaintiff appeals claiming dismissal of his action was error.

## Discussion

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714 (Tenn. 1997). In *Stein*, our Supreme Court explained:

> A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of*

---

[1]Rule 10 of the Rules of the Court of Appeals provides: This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] In his complaint, Plaintiff also alleged a violation of the Declaration of Independence and unsuccessfully sought to amend his complaint to allege a violation of the Emancipation Proclamation.

*Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower court's legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook, supra*.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

As stated previously, Plaintiff claims Defendant violated several of his federal constitutional rights solely because he found Plaintiff guilty of violating the Financial Responsibility Law and imposed a fine. Giving Plaintiff the benefit of every doubt, we will interpret his lawsuit as though it was brought pursuant to 42 U.S.C. § 1983 which provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable….

In *King v. Love*, 766 F.2d 962 (6th Cir.), *cert. denied* 474 U.S. 971 (1985), the plaintiff brought a 42 U.S.C. § 1983 claim for monetary damages against Robert Love, a Memphis City Court Judge. The plaintiff claimed, among other things, that Love unlawfully incarcerated him on March 4, 1980. In dismissing this aspect of the plaintiff's claim, the United States Court of Appeals for the Sixth Circuit held that:

> where a judge of a court of limited jurisdiction engages in judicial acts in deciding a case over which the court has subject matter jurisdiction, he is absolutely immune from suits for damages even if he exceeds his authority or his jurisdiction. Since the Memphis City Court had subject matter jurisdiction over the driving while intoxicated charge against King and since incarcerating King for contempt of court was a judicial act, King may not sue Judge Love for damages stemming from the March 4, 1980 incident.

*King*, 766 F.2d at 968. Similarly, in *White v. Gerbitz*, 892 F.2d 457 (6th Cir. 1989), the Plaintiff claimed he was improperly arrested and detained for 288 days because he was a material witness to a homicide investigation. The Sixth Circuit affirmed the dismissal of the plaintiff's 42 U.S.C. § 1983 claim against the Chattanooga Special City Judge after concluding the judge was performing a judicial function and was entitled to absolutely immunity. *Id.* at 462. *Accord*, *Cross v. Winningham*, No. 88-6120, 869 F.2d 1489 (Table), 1989 U.S. App. LEXIS 1972 (6th Cir. 1989)(holding the defendant, a Special City Judge for Chattanooga, was performing a judicial function and "absolutely immune" from monetary damages in a 42 U.S.C. § 1983 claim alleging the judge imposed an illegal sentence after finding the plaintiff guilty of public drunkenness).

The present case involves various federal constitutional claims by Plaintiff against Defendant based solely on Defendant's carrying out his official duties as the Soddy Daisy City Court Judge. The Soddy Daisy City Court had subject matter jurisdiction over the citation and Defendant was clearly performing a judicial function when he found Plaintiff guilty and imposed a fine. In short, Defendant simply was doing his job as a judge. Plaintiff cannot proceed on his claims because Defendant is absolutely immune. As such, the Trial Court correctly granted Defendant's motion to dismiss.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Basil Marceaux and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE