# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 20, 2014 Session

## SHARON L. ALLEN v. ANDERSON COUNTY, TENNESSEE

**Appeal from the Chancery Court for Anderson County**
**No. 13CH5550    Hon. Jon Kerry Blackwood, Senior Judge[1]**

---

**No. E2014-00930-COA-R3-CV-FILED-FEBRUARY 12, 2015**

---

This action concerns the sale of three properties Plaintiff purchased at a tax sale held by Anderson County. Plaintiff alleged that Anderson County breached its contract with her by failing to convey marketable title to the properties when the owners of the subject properties had not received proper notice of the tax sale. Anderson County filed a motion to dismiss, asserting, in pertinent part, that the statute of limitations had passed for filing such actions and that it had not breached a contract with Plaintiff. The court dismissed the action, finding that Plaintiff failed to establish that it had entered into a contract with Anderson County, that the statute of limitations for such actions had passed, and that Plaintiff lacked standing to attack the alleged insufficient notice provided to the original property owners. Plaintiff appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II., JJ., joined.

J. Philip Harber, Clinton, Tennessee, for the appellant, Sharon L. Allen.

Nicholas Jay Yeager, Clinton, Tennessee, for the appellee, Anderson County, Tennessee.

---

[1] Sitting by designation.

# OPINION

## I. BACKGROUND

The facts of this case are not in dispute. Sharon L. Allen ("Plaintiff") purchased several tracts of property at a tax sale held by Anderson County, Tennessee in October 2009. Following the expiration of the redemption period, Plaintiff retained the title to three tracts of property. Thereafter, Stephen M. Gasper purchased one of the tracts through the foreclosure process. Mr. Gasper recorded his deed on April 30, 2012, approximately one month before Plaintiff recorded her deed to the same property. Mr. Gasper later filed suit to quiet title against Plaintiff. The trial court ruled in favor of Mr. Gasper because he recorded his deed first.

Plaintiff then filed suit against Anderson County on August 2, 2013. She claimed that Anderson County failed to convey good and marketable title to her for all three tracts of property. She identified several issues with the notice provided to each property owner. She acknowledged that she lost the title to one of the three tracts for reasons unrelated to the notice. She opined that she could not have prevailed even if she had recorded her deed first because she never received good and marketable title. She sought damages for breach of contract. In the alternative, she requested rescission of the sales.

Anderson County responded by filing a motion to dismiss, arguing, in pertinent part, that dismissal was warranted because the claim was filed beyond the applicable statute of limitations pursuant to Tennessee Code Annotated section 67-5-2504(d) and because it conveyed a valid deed to the properties that were not redeemed by the original owner.

Following a hearing on the motion, the trial court dismissed the action, finding that the complaint failed to allege facts sufficient to establish a contract between the parties and any breach of the alleged contract, that the complaint was filed beyond the applicable statute of limitations, and that Plaintiff did not have standing to attack the alleged insufficient notice to the original property owners. This timely appeal followed.

## II.  ISSUES

We consolidate and restate the issues raised on appeal by Plaintiff as follows:

A.  Whether the trial court erred in finding that Plaintiff failed to state a claim upon which relief could be granted for breach of contract.

B.  Whether the trial court erred in finding that the statute of limitations for filing such actions had passed pursuant to Tennessee Code Annotated section 27-5-2504(d).

Anderson County raised an issue on appeal for our consideration that we restate as follows:

C.  Whether Plaintiff was precluded from relief pursuant to Tennessee Code Annotated section 67-5-2504(c).

## III.  STANDARD OF REVIEW

The trial court dismissed the complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.  A Rule 12.02(6) motion tests only the legal sufficiency of the complaint, not the strength of the proof.  The resolution of the motion is determined by an examination of the pleadings alone. *Cook ex rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994).  In considering a motion to dismiss, courts must construe the assertions in the complaint liberally; the motion cannot be sustained unless it appears that there are no facts warranting relief. *Id*.  On appeal, all allegations of fact by the plaintiffs must be taken as true. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997).  The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.  DISCUSSION

### A.

Plaintiff argues that she alleged sufficient facts to sustain a breach of contract claim. She claims that she entered into an express contract with Anderson County to purchase property and that Anderson County breached the contract by failing to convey good and marketable title to the tracts at issue.  Anderson County responds that Plaintiff offered no set

of facts that would support her claim that it breached any presumed contract with her or that she suffered damages as a result of the alleged breach.

In order to prevail in a breach of contract case, Plaintiff first had to prove that an enforceable contract existed between the parties. *See Seramur v. Life Care Ctrs. of Am. Inc.*, No. E2008-01364-COA-R3-CV, 2009 WL 890885, at \*2 (Tenn. Ct. App. Apr. 2, 2009) (citing *BankcorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006)). A contract, either written or oral, "must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Higgins v. Oil, Chem. and Atomic Workers Int'l Union*, 811 S.W.2d 875, 879 (Tenn. 1991) (internal quotation and citation omitted). Tennessee courts have also defined a contract more simply as "'an agreement, upon sufficient consideration, to do or not to do a particular thing.'" *Calabro v. Calabro*, 15 S.W.3d 873, 876 (Tenn. Ct. App. 1999) (quoting *Smith v. Pickwick Elec. Coop.*, 367 S.W.2d 775, 780 (Tenn. 1963) (internal citation omitted)). Once a valid contract has been established, Plaintiff must then prove "a deficiency in the performance [of the contract] amounting to a breach[] and damages caused by the breach." *Federal Ins. Co. v. Winters,* 354 S.W.3d 287, 291 (Tenn. 2011) (citing *ARC LifeMed, Inc. v. AMC-Tenn., Inc.,* 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)). It is well settled that "[t]he party seeking damages has the burden of proving them." *Waggoner Motors, Inc. v. Waverly Church of Christ*, 159 S.W.3d 42, 57 (Tenn. Ct. App. 2004). "Damages may never be based on mere conjecture or speculation." *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999).

Presuming that a valid contract existed and that its terms were breached by Anderson County, Plaintiff has failed to allege sufficient facts to establish that she suffered damages as a result of the alleged breach. Plaintiff lost the title to one tract solely because she failed to record her deed before Mr. Gasper recorded his deed. Nevertheless, Plaintiff still retains the title to the remaining two tracts that have not been invalidated due to any alleged lack of notice. Accordingly, we conclude that the trial court did not err in dismissing the breach of contract claim.

B.

Plaintiff argues that the trial court erred in dismissing her case as untimely pursuant to Tennessee Code Annotated section 27-5-2504(d). She asserts that section 27-5-2504(d) does not apply because she never received a valid title to the properties at issue when the original owners did not receive sufficient notice of the sale. Anderson County responds that Plaintiff's attempt to rescind the sales was subject to the statute of limitations. Anderson County further argues that Plaintiff does not have standing to raise any issues regarding the notice given to the original property owners.

-4-

When Plaintiff purchased the properties, the applicable statute provided,

> (d) No suit shall be commenced in any court of the state to invalidate any tax title to land after three (3) years *from the time the land was sold for taxes*, except in case of persons under disability, who shall have one (1) year in which to bring suit after such disability is removed.

Tenn. Code Ann. § 27-5-2504(d) (emphasis added). The properties at issue were purchased in October 2009. Plaintiff filed her complaint in August 2013 and does not assert that she suffered from any form of disability. Thus, her complaint was untimely if the statute of limitations apply to this action.[2]

Plaintiff is correct that a tax sale may be set aside and declared void for lack of notice to the original property owner. However, Plaintiff cannot raise an issue concerning the lack of notice to the original owners without establishing that she has third-party standing. In order to establish standing, a claimant must show three elements:

> (1) a distinct and palpable injury, as opposed to a conjectural or hypothetical injury; (2) a causal connection between the claimed injury and the challenged conduct; and (3) the alleged injury is capable of being redressed by a favorable decision of the courts.

*See Lynch v. City of Jellico*, 205 S.W.3d 384, 395 (Tenn. 2006) (citations omitted). The primary focus of a standing inquiry is on the party, not the merits of the claim. *Metro. Air Research Testing Auth., Inc. v. Metro. Gov't of Nashville and Davidson Cnty.*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992). "Without the limitation of standing, courts would be called upon to decide abstract questions unrelated to the litigants before them." *Lynch*, 205 S.W.3d at 395. Here, Plaintiff alleges that she did not receive a valid title because at some point in the future, the tax sale may be set aside as void for lack of notice to the original owners. This alleged injury is hypothetical or conjectural in nature. Accordingly, we conclude that the trial court did not err in finding that the statute of limitations was applicable and in dismissing the complaint as untimely.

---

[2]Plaintiff argues that even if the statute of limitations applied, the time period did not begin until October 2010, when the redemption period ran. This argument is without merit when the statute expressly provides that the time period begins on the date the property is sold for taxes. Tenn. Code Ann. § 27-5-2504(d).

C.

Although raised at the trial level, this issue was not relied upon by the trial court in dismissing the complaint. In the event of further review, we will address Anderson County's assertion that compliance with section 67-5-2504(c) was a prerequisite for relief. The Code provides, in pertinent part,

> No suit shall be commenced in any court of the state to invalidate any tax title to land until the party suing shall have paid or tendered to the clerk of the court where the suit is brought the amount of the bid and all taxes subsequently accrued, with interest and charges as provided in this part.

Tenn. Code Ann. § 67-5-2504(c). The parties agree that Plaintiff did not tender the appropriate funds.

This issue has been addressed by this court with conflicting results. In 2002, this court set aside a tax sale for lack of notice even though the plaintiff did not remit the required funds until he was directed to by the trial court. *Bullington v. Greene Cnty.*, 88 S.W.3d 571, 575-81 (Tenn. Ct. App. 2002); *see also Bass v. Wilkins*, Madison Equity No. 1, 1989 WL 11736 (Tenn. Ct. App. Feb. 15, 1989) ("[W]here the decree affirming the sale is void, payment or tender of the amount bid as required by the statute is not a prerequisite for relief."). Conversely, in 1998, this court held that compliance with section 67-5-2504(c) was a prerequisite for filing a suit to set aside a tax sale. *Ewell v. Hill*, No. 02A01-9608-CH-00178, 1998 WL 18142, at *3 (Tenn. Ct. App. Jan. 21, 1998), *perm. app. denied* (Tenn. July 13, 1998) (acknowledging conflicting case law on the issue). The court in *Ewell* did not reach the issue of whether the decree affirming the sale was void for lack of the constitutionally required notice. *Id.*

Tennessee Supreme Court Rule 4(G)(1) provides, in pertinent part,

> An unpublished opinion shall be considered controlling authority between the parties to the case when relevant under the doctrines of the law of the case, res judicata, collateral estoppel, or in a criminal, post-conviction, or habeas corpus action involving the same defendant. Unless designated "Not For Citation," "DCRO" or "DNP" pursuant to subsection (F) of this Rule, unpublished opinions for all other purposes shall be considered persuasive authority.

Considering that *Bullington* is a published opinion and more recent in time, we conclude that the failure to tender the appropriate funds when filing the petition to set aside the sale was not a prerequisite for relief.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Sharon L. Allen.

_____
JOHN W. McCLARTY, JUDGE